**MC CLOUD CONSTRUCTION, INC., Plaintiff,**

v.

**HOME DEPOT USA, INC., Defendant.**

No. 01–C–0058.

United States District Court, E.D. Wisconsin.

July 9, 2001.

Thad W Jelinske, Matthew Robert Falk, Domnitz Mawicke & Goisman, Milwaukee, WI, for plaintiff.

Daniel G Nienhuis, von Briesen Purtell & Roper, Milwaukee, WI, for defendant.

## DECISION AND ORDER

ADELMAN, District Judge.

### I. BACKGROUND

Plaintiff McCloud Construction, Inc. ("McCloud") brings this breach of contract action against defendant Home Depot USA, Inc. ("Home Depot"), alleging that defendant failed to pay the full amount due plaintiff under a contract for constructing a Home Depot store in Wauwatosa, Wisconsin. McCloud filed suit in Milwaukee County Circuit Court, and Home Depot removed the case to federal court pursuant to 28 U.S.C. § 1441(a) based on diversity of citizenship. McCloud is a Wisconsin corporation with its principal place of business in Wisconsin, and Home Depot is incorporated and has its principal place of business in Georgia.

The contract includes the following choice of law and forum selection provision:

> To the extent that there is a dispute regarding the terms [of this contract] or relating to the Work performed hereunder, the law of the State of Georgia shall control and any civil action in furtherance thereof shall be brought in either the U.S. District Court for the Northern District of Georgia, Atlanta Division, or the Superior Court of Cobb County, Georgia.

Based on the forum selection clause, Home Depot moves to dismiss for improper venue or alternatively to transfer the case to the Northern District of Georgia. McCloud opposes the motion, arguing that the forum selection clause is invalid because it violates the public policy of Wisconsin as expressed in Wis. Stat. § 779.135, which provides that certain "provisions in contracts for the improvement of land in this state are void," including "[p]rovisions ... requiring that any litigation, arbitration or dispute resolution process on the contract occur in another state." Wis. Stat. Ann. §§ 779.135 & 779.135(2) (West Supp.2000).

## II. DISCUSSION

### A. Appropriate Vehicle to Enforce Forum Selection Clause

■ The venue of removed actions is governed by 28 U.S.C. § 1441(a), *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665, 73 S.Ct. 900, 97 L.Ed. 1331 (1953). Venue is proper here because this is the district embracing the place where the action was pending prior to removal. § 1441(a). Home Depot argues, however, that venue in this district is nevertheless improper because the forum selection clause specifies that actions regarding the contract shall be brought in courts in Georgia.

Federal law does not presently provide for a motion expressly designed for forum selection clause enforcement, and attorneys have had to invoke an assortment of rules and concepts that were not designed with forum selection clauses in mind. Leandra Lederman, Note, *Viva* Zapata: *Toward a Rational System of Forum–Selection Clause Enforcement in Diversity Cases*, 66 N.Y.U. L.Rev. 422, 433 (1991); James P. George, *Parallel Litigation*, 51 Baylor L.Rev. 769, 941 (1999). For example, attorneys have moved to transfer cases under 28 U.S.C. § 1404(a), to dismiss or transfer under § 1406(a), to dismiss under the doctrine of forum non conveniens, to dismiss for improper venue under Fed.R.Civ.P. 12(b)(3), to dismiss for failure to state a claim under Rule 12(b)(6), and under other Federal Rules of Civil Procedure. Lederman, *supra*, at 434–35. All of these vehicles are ill-designed in one way or another. Lederman, *supra*, at 445–47.

■ Home Depot seeks to enforce the present forum selection clause under 28 U.S.C. § 1406(a). This statute permits a case to be transferred or dismissed when venue is laid in the "wrong" district.[1] The Seventh Circuit has not addressed whether venue is "wrong" under § 1406(a) merely because laid in a forum other than that specified in a contractual forum selection clause. In *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 n. 8, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), the Supreme Court implied that when there was a statutory basis for venue in the district where suit was filed, a motion to dismiss under

---

1. Section 1406(a) provides in full, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

§ 1406(a) was properly denied. Relying upon *Stewart's* footnote eight, several courts and commentators have held that venue is "wrong" under § 1406(a) only when there is no statutory basis for venue. *See, e.g., Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir.2001); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877–79 (3d Cir.1995); *BHP Int'l Inv., Inc. v. OnLine Exchange, Inc.*, 105 F.Supp.2d 493, 496 (E.D.Va.2000); Lederman, *supra*, at 440–43; Walter W. Heiser, *Forum Selection Clauses in Federal Courts: Limitations on Enforcement after* Stewart *and* Carnival Cruise, 45 Fla. L.Rev. 553, 593 n. 197 and cases cited therein, 594–95 (1993); *see also* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3803.1 at 10 n. 24.1 and accompanying text (2d ed. Supp.2001) ("the Supreme Court's decision in the *Stewart* case has made it clear that a forum-selection clause is to be considered on a motion to transfer under 28 U.S.C.A. § 1404(a)") (footnote omitted). Thus, § 1406(a) does not appear to be an appropriate vehicle to enforce a forum selection clause.

■ This leaves the question of how to consider Home Depot's motion. In *Stewart*, the Supreme Court approved a party's seeking to enforce a forum selection clause by moving for a discretionary transfer under § 1404(a). However, I will not consider whether such a discretionary transfer would be appropriate here, because Home Depot expressly states in its reply brief that it does not rely upon § 1404(a). Motions to enforce forum selection clauses brought as motions to dismiss for improper venue under Rule 12(b)(3) arguably rest on the same questionable assumption as do motions brought under § 1406(a), namely, that a forum selection clause somehow creates "improper venue" notwithstanding that venue is properly laid under the governing venue statute. Lederman, *supra*, at 445. However, the Seventh Circuit has approved using Rule 12(b)(3) to enforce a forum selection clause. *Frietsch v. Refco, Inc.*, 56 F.3d 825, 830 (7th Cir.1995). Therefore, I will deem Home Depot's motion to have been brought under Rule 12(b)(3), notwithstanding that Home Depot characterizes the motion as brought under § 1406(a). I note, however, that whether I treat the motion as brought under § 1406(a) or Rule 12(b)(3), the enforceability analysis is very similar.

## B. Applicable Law

As previously stated, McCloud argues that the forum selection clause at issue here is unenforceable under the law of the forum state, Wisconsin. The Supreme Court ruled in an admiralty case, *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), that under federal law forum selection clauses are presumed valid unless shown to be unreasonable. McCloud's argument therefore raises the question of whether a forum selection clause's enforceability is determined by federal or state law. The circuits are divided on this question, and the Seventh Circuit has not yet resolved the issue. *Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 374 (7th Cir.1990).

### 1. Relevance of *Stewart*

In *Stewart*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22, the Supreme Court addressed the question in the context of § 1404(a). *Stewart* involved a breach of contract action brought in Alabama in contravention of a forum selection clause in which the parties agreed that any suits on the contract would be filed in New York. Alabama law disfavored forum selection clauses. The lower court in *Stewart* held that federal law governed forum selection clauses, applied the *Bremen* standard, and

enforced the clause. The Supreme Court affirmed the lower court's decision but rejected its reasoning. The Supreme Court characterized the issue as a conflict between a federal venue statute and state law. *Stewart*, 487 U.S. at 30, 108 S.Ct. 2239. Section 1404(a) authorizes a court to transfer venue "for the convenience of parties and witnesses, in the interest of justice." [2] The Court held that this language was sufficiently broad to enable a court in determining proper venue under § 1404(a) to consider a number of factors, including both the parties' contractual forum selection clause and any state policy disfavoring forum selection clauses. *Id.* at 30–31, 108 S.Ct. 2239. Thus, in motions brought under § 1404(a), the enforceability of a contractual forum selection clause is governed by federal law, specifically, the considerations dictated by § 1404(a) itself; these considerations in turn require giving some weight to a state policy disfavoring forum selection clauses, but do not allow such a state policy to be dispositive. *Id.* at 32, 108 S.Ct. 2239.

Unlike the other statutes and rules utilized to enforce forum selection clauses, § 1404(a) is discretionary and requires the court to consider multiple factors. Because *Stewart* relies heavily upon the language of § 1404(a), it is likely that its holding that federal law governs applies only to motions made under that statute. *Stewart*, 487 U.S. at 29, 108 S.Ct. 2239 ("[a] motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors"); *see also Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir.1990) (per curiam) (holding that because *Stewart* decided whether state or federal law governed only in the context of a § 1404(a) motion, its

reasoning is not applicable to motions to dismiss or remand case to state court). Thus, *Stewart* is not helpful in determining whether federal or state law governs the enforceability of the present forum selection clause.

### 2. *Erie v. Tompkins*

Determining whether state or federal standards govern the enforceability of a forum selection clause in a diversity action must begin with *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In *Erie* the Supreme Court held that state, not federal, common law applies in federal court in diversity cases. *Id.* at 78, 58 S.Ct. 817. The concern underlying *Erie* was that if federal courts fashioned federal common law instead of applying state law, it would result in inconsistent outcomes in similar cases in state and federal courts in the same state. Lederman, *supra* at 448. Under *Erie*, however, federal courts were to continue to apply federal law to matters of procedure. *See Erie*, 304 U.S. at 92, 58 S.Ct. 817 (Reed, J. concurring in part) ("no one doubts federal power over procedure"). The substance/procedure dichotomy, however, is not particularly useful in determining what body of law to apply to forum selection clauses. Such clauses are procedural in the sense that venue is procedural, but substantive in that they are an integral part of the parties' contractual agreement. *Farmland Indus., Inc. v. Frazier–Parrott Commodities*, 806 F.2d 848, 852 (8th Cir. 1986).

 Under the cases following *Erie*, determining whether state or federal law applies requires first determining what kind of state and federal laws or rules may be in conflict. Lederman, *supra* at 448.

---

**2.** Section 1404(a) provides in full, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may trans-fer any civil action to any other district or division where it might have been brought."

In the present case the potential conflict is between a Wisconsin statute disfavoring certain forum selection clauses and the federal *Bremen* standard that forum selection clauses are presumed valid unless shown to be unreasonable. When a federal rule arguably in conflict with state law is not a federal statute or rule of civil procedure, the appropriate analysis is set forth in *Hanna v. Plumer*, 380 U.S. 460, 466–69, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). I ask how tightly or loosely the state rule is bound up with the definition of the rights and obligations of the parties, *Byrd v. Blue Ridge Rural Elec. Co-op.*, 356 U.S. 525, 535–36, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958), and whether applying federal law would be outcome determinative in that it would violate the twin aims of *Erie*, *Guaranty Trust Co. v. York*, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), namely, discouraging forum shopping and avoiding inequitable administration of the laws. *Hanna*, 380 U.S. at 467, 85 S.Ct. 1136. I then balance state concerns and the aims of *Erie* against any factors that might favor applying federal law. *Id.* at 472, 85 S.Ct. 1136; Lederman, *supra*, at 449.

■ I now apply the analysis required under *Hanna*. The Wisconsin statute prohibiting forum selection clauses in certain construction contracts is tightly tied to the parties' rights and obligations under state law. *Byrd*, 356 U.S. at 535–36, 78 S.Ct. 893. Moreover, and most importantly, applying state law is required to further the twin aims of *Erie*. If I were to apply a body of law more favorable to forum selection clauses than the law of the forum, the result would be to encourage parties to forum shop and to give parties with access to federal court advantages over parties without such access and thus contribute to the inequitable administration of justice. Robert A. de By, Note, *Forum Selection Clauses: Substantive or Procedural for* Erie *Purposes*, 89 Colum. L.Rev. 1068, 1079–80 (1989). Finally, no strong federal interests are at stake. Therefore, I conclude that state law should determine whether the present forum selection clause is enforceable.

### 3. Which State's Law?

■ Having determined that state law will determine whether the forum selection clause is enforceable, I need to determine whether to apply Wisconsin or Georgia law. Home Depot argues that pursuant to the contract's choice of law provision, Georgia law governs whether the contract's forum selection clause is enforceable, while McCloud contends that Wisconsin law applies. Where the laws of more than one state arguably apply, *Erie* requires that a federal court apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Thus, I apply Wisconsin choice of law rules.

■■ Wisconsin recognizes that parties to a contract may expressly agree that the law of a certain jurisdiction shall govern issues arising under the contract. *Jefferis v. Kanawha*, 182 Wis. 203, 205, 196 N.W. 238 (1923). However, Wisconsin precludes parties from making such agreements at the expense of important public policies of a state whose law would apply in the absence of such agreement. *Bush v. Nat'l Sch. Studios, Inc.*, 139 Wis.2d 635, 642, 407 N.W.2d 883 (1987). More importantly, in the present case the Wisconsin legislature has modified the courts' common law of choice of law rules by expressly prohibiting provisions in contracts for the improvement of land in Wisconsin "making the contract subject to the laws of another state." Wis. Stat. § 779.135(2). The contract here is a contract for the improve-

ment of land in Wisconsin, thus its choice of Georgia law is void.

The question then becomes, in the absence of a valid contractual choice of law provision, what law do Wisconsin choice of law rules look to? In contract cases Wisconsin applies the local law of the state with which the contract has its most significant relationship. *Handal v. Am. Farmers Mut. Cas. Co.*, 79 Wis.2d 67, 73, 255 N.W.2d 903 (1977). Here the contract has its most significant relationship with the state of Wisconsin; this is where the property is located and the work performed. Therefore Wisconsin law governs whether the forum selection clause is enforceable.

**C. Enforceability Under Wisconsin Law**

Section 779.135(2) bars provisions in contracts for improvement of land in Wisconsin "requiring that any litigation, arbitration or other dispute resolution process on the contract occur in another state." Home Depot argues that McCloud cannot avail itself of the protections of § 779.135(2) because the statute was intended to protect subcontractors and not prime contractors. However, Home Depot offers no authority supporting this contention, and Wisconsin's construction lien law expressly provides that prime contractors who contract to improve land "shall have a lien therefor on all interests in the land belonging to its owners." §§ 779.01(2)(d) & (3). Thus, the parties' contractual forum selection clause, requiring litigation to occur in Georgia, contravenes § 779.135(2) and is void.[3]

**III. CONCLUSION**

The enforcement of reasonable forum selection clauses is justified by important policies and protects the expectations of the parties to a contract. Nevertheless, in this diversity case, under the analysis required by *Erie* and *Hanna*, state law governs the enforceability of the clause; Wisconsin law applies; and under Wisconsin law, the clause is expressly prohibited.

Thus, for the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss or transfer based on improper venue is **DENIED**.

---

**3.** Even if federal law governed the question of the enforceability of the present forum selection clause, the same result would probably be reached. This is because, under *Bremen,* forum selection clauses are deemed unreasonable, and therefore unenforceable, if they contravene a strong public policy of the forum in which suit is brought. *Bremen,* 407 U.S. at 15, 92 S.Ct. 1907. If the "forum in which suit is brought" is the state in which the district court sits, then I would apply the same Wisconsin statute under federal law as I do under state law.