**Mr. and Mrs. Donald L. STEWARD, Plaintiffs,**

v.

**UP NORTH PLASTICS, INC., and AG– Bag International Limited, Defendants.**

**No. 99–1483 (JRT/RLE).**

United States District Court, D. Minnesota.

Sept. 5, 2001.

---

Daniel E. Gustafson of Heins, Mills & Olson, Minneapolis, MN, For plaintiffs.

John D. French of Faegre & Benson, Minneapolis, MN, for Ag–Bag International Limited.

Frank Berman, Minneapolis, MN, Stephen Urbanczyk of Williams & Connolly, Washington, D.C., and Steven M. Hunegs of Hunegs, Stone, Leneave, Kvas & Thornton, Minneapolis, MN, for Up North Plastics, Inc.

## MEMORANDUM OPINION AND ORDER

TUNHEIM, District Judge.

Defendant Ag–Bag International Limited has moved to dismiss for improper venue or in the alternative to transfer this action and both defendants have moved to dismiss plaintiffs' class action allegations.[1] For the reasons that follow, the Court denies both motions.

## BACKGROUND

This antitrust litigation has a five-year history that spans three separate lawsuits all before this Court. Defendants Up North Plastics, Inc. ("Up North") and Ag–Bag International Limited ("Ag–Bag") are manufacturers of silage bags and other products used to store feed or grain in the agriculture industry. Silage bags are very large disposable plastic bags that can be used to store feed or grain for up to two years. The bags are specially made to resist weather damage and, after being loaded with feed or grain, are stored outside on the ground. They are generally eight to twelve feet in diameter and are one hundred to five hundred feet long. The bags are used primarily on dairy and livestock farms, and are a relatively new storage technology. According to the complaint, Ag–Bag and Up North are the dominant sellers of silage plastic products in the United States.

## I. The Hunt Action

In January 1996, Michael Hunt, a former distributor for Up North, filed suit against defendants alleging that defendants conspired to monopolize and fix prices of silage bags in violation of section one of the Sherman Act, 15 U.S.C. § 1. *Hunt v. Up North Plastics*, Civ. No. 4–96–22 JRT/RLE (D.Minn.). Although Hunt filed his complaint as a putative class action, the Court never made a determination as to the propriety of class certification because in October 1997 Hunt filed for bankruptcy, thus staying all proceedings.

## II. The S & S Forage Action

On January 30, 1998, while the Hunt stay was in effect, plaintiffs' counsel filed a new putative class action complaint on behalf of S & S Forage & Equipment Company, Inc. ("S & S Forage"). *S & S Forage & Equipment Co. v. Up North Plastics, et al.*, Civ. No. 98–565 JRT/RLE (D.Minn.). The complaint sought to represent the same class of silage bag purchasers as in the *Hunt* action. In April 1998, however, the principal owner and operator of S & S Forage died. Shortly thereafter, S & S Forage ceased its business operations but retained its interest in this litigation. S & S Forage moved for class certification which the Court denied on March 13, 2000. Although the Court found that the class allegations satisfied the numerosity and commonality requirements of Rule 23(a), the Court concluded that S & S Forage was not a typical or adequate class representative under 23(a)(3) and (4).[2] At

---

1. Pursuant to a Stipulation and Order dated August 1, 2001 [Docket No. 52] all claims against defendant Poly–America are dismissed with prejudice, thus terminating it from this action.

2. Because the Court found that S & S Forage

the present time, *S & S Forage* continues on its individual claims.[3]

### III. The Steward Action

Plaintiffs commenced this action in September 1999. As with the *Hunt* and *S & S Forage* cases before it, the complaint asserts substantively parallel allegations against the same defendants and also seeks to represent the same class of silage bag purchasers for the same class period. The Stewards differ from Hunt and S & S Forage, however, in that they were distributors for Ag–Bag as opposed to Up North. This is a significant difference, defendants argue, because an Authorized Dealer Agreement between plaintiffs and Ag–Bag (the "Steward/Ag–Bag Agreement") contains the following choice of law and forum selection clause:

> Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of Oregon, and any disputes between Ag–Bag and Dealer shall be filed and tried in Clatsop County, Oregon, if in state court, or in Portland Oregon, if in federal court.

Accordingly, Ag–Bag moves to dismiss or transfer the *Steward* action based on the forum selection clause contained in the dealership agreement.[4] In the event the Court denies that motion, defendants move to dismiss plaintiffs' class action allegations pursuant to Fed.R.Civ.P. 23(d)(4).

### ANALYSIS

### I. Defendants' Motion to Dismiss or Transfer

Defendants seek to dismiss or transfer this case pursuant to 28 U.S.C. § 1406(a), or alternatively, to transfer the case pursuant to 28 U.S.C. § 1404(a). The Court considers each argument in turn.

### A. Motion to Dismiss or Transfer for Improper Venue Under § 1406

Defendants move to dismiss or transfer this case to the United States District Court for the District of Oregon pursuant to 28 U.S.C. § 1406(a).[5] As previously mentioned, defendants base this motion on a forum selection clause contained in paragraph 7.05 of the Steward/Ag–Bag Agreement which, again, provides:

> Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of Oregon, and any disputes between Ag–Bag and Dealer shall be filed and tried in Clatsop County, Oregon, if in state court, or in Portland Oregon, if in federal court.

Steward/Ag–Bag Agreement ¶ 7.05.

Plaintiffs maintain that defendants have waived any objection to improper venue by

---

was an inadequate class representative which independently disposed of its motion for class certification, the Court did not reach the predominance and superiority requirements of Fed.R.Civ.P. 23(b)(3).

**3.** On July 23, 2001, the day before arguments were heard on the current motions pending in *Steward*, the Court received notice that defendants served a joint motion for summary judgment in both *S & S Forage* and *Steward*, [Docket No. 48.]

**4.** Although Up North is not a party to the Steward/Ag–Bag Agreement, it joins Ag–Bag

in its motion to dismiss or transfer. Accordingly, the Court will hereinafter refer to this motion as defendants' motion even though the motion arises from the relationship between Ag–Bag and plaintiffs.

**5.** 28 U.S.C. § 1406(a) provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought.

failing to raise an objection at the appropriate time. In its answer to plaintiffs' complaint, Ag–Bag did not object to venue. Indeed, Ag–Bag affirmatively stated that venue was proper in the second paragraph of that pleading. In addition, defendants have filed several motions before the Court and have conducted extensive discovery in the case.

At the outset, the Court notes that there is some question whether defendants' motion under § 1406(a) is the appropriate procedural vehicle to enforce the forum selection clause contained in the Steward/Ag–Bag Agreement. "Federal law does not presently provide for a motion expressly designed for forum selection clause enforcement, and attorneys have had to invoke an assortment of rules and concepts that were not designed with forum selection clauses in mind." *McCloud Constr., Inc. v. Home Depot USA, Inc.,* 149 F.Supp.2d 695 (E.D.Wis.2001). For instance, attorneys have moved to transfer pursuant to 28 U.S.C. § 1404(a), to dismiss or transfer under § 1406(a), to dismiss under the doctrine of forum non conveniens, to dismiss for improper venue under Fed.R.Civ.P. 12(b)(3), to dismiss for failure to state a claim under Rule 12(b)(6) and under other Federal Rules of Civil Procedure. *Id.* (citing Leandra Lederman, Viva Zapata: Toward a Rational System of Forum Selection Clause Enforcement in Diversity Cases, 66 N.Y.U.L.Rev. 422, 433–34 (1991)).

Although it appears that the Eighth Circuit has not yet directly addressed this issue, numerous circuit courts have split on the appropriate vehicle for bringing a motion to enforce a forum selection clause. *Silva v. Encyclopedia Britannica Inc.,* 239 F.3d 385, 388–89 n. 3 (1st Cir.2001) (explaining that in the First Circuit, "a motion to dismiss based upon a forum-selection clause is treated as one alleging the failure to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6)"); *Instrumentation Assocs., Inc. v. Madsen Elecs. (Canada) Ltd.,* 859 F.2d 4, 6 n. 4 (3d Cir.1988) (same); *Lipcon v. Underwriters at Lloyd's London,* 148 F.3d 1285, 1289 (11th Cir.1998) (motions to dismiss based on forum selection clause are based on Rule 12(b)(3)); *Richards v. Lloyd's of London,* 135 F.3d 1289, 1292 (9th Cir.1998) (same); *Frietsch v. Refco, Inc.,* 56 F.3d 825, 830 (7th Cir.1995); (same); *AVC Nederland B.V. v. Atrium Inv. Partnership,* 740 F.2d 148, 153 (2d Cir.1984) (motion to enforce forum selection clause is a Rule 12(b)(1) motion); *Haynsworth v. Lloyd's of London,* 121 F.3d 956, 961 (5th Cir.1997) (declining to resolve the "enigmatic question of whether motions to dismiss on the basis of forum-selection clauses are properly brought as motions under Fed. R.Civ.P. 12(b)(1), 12(b)(3), or 12(b)(6), or 28 U.S.C. § 1406(a)").

Of specific relevance here are the holdings of numerous courts that § 1406(a) is not an appropriate vehicle for enforcing a forum selection clause when venue in the original forum is otherwise statutorily proper. In *Stewart Org. Inc. v. Ricoh Corp.,* 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988), the Supreme Court implied that when venue is statutorily proper in the district where suit is filed, a motion to dismiss or transfer under § 1406(a) based on a parties' contractual choice of venue is properly denied. *Id.* at 28–29 n. 8, 108 S.Ct. 2239.[6] Since *Stewart,* numerous courts have relied on footnote eight

6. Footnote 8 provides:

The parties do not dispute that the District Court properly denied the motion to dismiss the case for improper venue under 28 U.S.C. 1406(a) because respondent apparently does business in the Northern District of Alabama. *See* 28 U.S.C. § 1391(c) (Venue proper in judicial district in which corporation is doing business).

from *Stewart* and concluded that venue is laid in the "wrong" division or district under § 1406 only when there is no statutory basis for venue, *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir.2001); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877–79 (3d Cir.1995); *Blue Ash Dev., Inc. v. Polan*, No. 94–6324, 1996 WL 1828 at *2 n. 1 (6th Cir. Jan.2, 1996) ("It does not appear under [*Stewart*] that a forum selection clause makes the venue "wrong" for § 1406 purposes when the action is filed in a district other than that specified in the clause."); *BHP Int'l Inv., Inc. v. OnLine Exch., Inc.*, 105 F.Supp.2d 493, 496 (E.D.Va.2000); *McCloud*, 149 F.Supp.2d 695 (concluding that in light of *Stewart* and subsequent case law relying on *Stewart's* footnote eight, "1406(a) does not appear to be an appropriate vehicle to enforce a forum selection clause").

In this case, there seems to be no dispute that venue is statutorily proper in this forum, *see* 28 U.S.C. § 1391(c). Accordingly, it would appear under a growing majority of cases to have addressed this issue that defendants' motion under § 1406 is procedurally improper.

■ Even if the Court were inclined to consider defendants' motion under § 1406 or otherwise treat the motion as one under Rule 12(b)(3), the Court would find that defendants have waived their objection to venue. It is well-established that venue objections must be made in a timely fashion. The Federal Rules of Civil Procedure clearly provide that such an objection is a waivable defense unless raised in a responsive pleading or by motion under Rule 12. Fed.R.Civ.P. 12(b)(3); 12(h)(1); *see also* 28 U.S.C. § 1406(b) ("Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose a timely and sufficient objection to venue."). In this case, defendants failed to raise any objection to venue in their first responsive pleading, as required under the rules. Additionally, a significant amount of time and motion practice has already taken place, including the filing of a motion for summary judgment, thus further establishing defendants' waiver.

■ Although Ag–Bag points to a contractual non-waiver provision in the agreement to argue that plaintiffs are barred from arguing that Ag–Bag waived its right to enforce the choice-of-forum provision in the contract, the Court does not interpret that provision as relevant to the threshold issue, which is, that Ag–Bag did not timely raise its defense of improper venue as prescribed under the Federal Rules of Civil Procedure, *see* Fed. R. Civ.P. 12(b)(3) and 12(h), § 1406(b).[7]

## B. Transfer under 28 U.S.C. § 1404(a)

■ Although the Court denies defendants' § 1406 motion based on several procedural deficiencies, these same deficiencies do not apply to defendants' alternative motion to transfer this case pursuant to 28 U.S.C. § 1404(a).[8] In *Stewart*, the Supreme Court approved of § 1404(a) as an

7. Even if the contractual nonwaiver provision applied to the Court's analysis, the Court would be inclined to find a waiver of the nonwaiver provision by virtue of defendants' conduct in litigating *Steward* in this forum. *Fisher v. Tiffin*, 275 Or. 437, 551 P.2d 1061, 1063 (1976) (plaintiff's actions in accepting late payments consistently for almost four years waived his right to strictly enforce the contract's terms).

8. 28 U.S.C. § 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

appropriate vehicle for enforcing a forum selection clause. 487 U.S. at 29–30, 108 S.Ct. 2239 ("The flexible and individualized analysis Congress prescribed in § 1404(a) thus encompasses consideration of the parties' private expression of their venue preferences."); Wright, Miller & Cooper, Federal Practice and Procedure § 3803.1 at 10 n. 24.1 ("[T]he Supreme Court's decision in the *Stewart* case has made it clear that a forum-selection clause is to be considered on a motion to transfer under 28 U.S.C. § 1404(a)."). Courts and commentators have also found that a party's failure to timely object to venue does not preclude a motion to transfer under § 1404. Wright & Miller, Federal Practice and Procedure § 1352 at 272 (explaining that although defense of improper venue may be waived by answering on the merits, defendant may still move to transfer the action); *Montgomery Ward & Co. v. Anderson Motor Serv. Inc.*, 339 F.Supp. 713, 718 n. 3 (D.Mo.1971); *James v. Norfolk & Western Ry. Co.*, 430 F.Supp. 1317, 1319, n. 1 (S.D.Ohio 1976), Accordingly, the Court will consider this motion on its merits.

■ A motion to transfer venue requires the Court to consider a number of case-specific factors, including "the convenience of parties and witnesses and the interests of justice." 28 U.S.C. § 1404(a). While not dispositive, the presence of a forum-selection clause is "a significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *Knutson v. Rexair, Inc.*, 749 F.Supp. 214, 217–18 (D.Minn.1990) (noting that "the federal judiciary has traditionally accorded momentous weight to contracting parties' legitimate expectations in the areas of forum selection"); *Best Buy Co. v. Onkyo U.S.A. Corp.*, Civ. No. 4–90–677, 1991 WL 156571 at *1 (D.Minn. Aug.1, 1991). As defendants emphasize, the District of Minnesota has enforced forum selection clauses by granting § 1404(a) motions to transfer to the contractually-designated forum, *Knutson,* 749 F.Supp. at 218, *Best Buy,* 1991 WL 156571 at *3, and the Eighth Circuit reaffirmed the enforceability of forum selection clauses in two recent decisions. *Marano Enters. of Kansas v. Z–Teca Rests., L.P.,* 254 F.3d 753, 758 (8th Cir. 2001) (affirming district court's dismissal for improper venue based on forum selection clause requiring litigation to take place in Colorado); *Dominium Austin Partners v. Emerson,* 248 F.3d 720, 726 (8th Cir.2001) ("A forum selection clause is enforceable unless it is invalid or enforcement would be unreasonable and unjust.").

■ While a forum selection clause is an important factor in the Court's § 1404(a) analysis, each case must be considered based on its particularized facts. *Nelson v. Master Lease Corp.,* 759 F.Supp. 1397, 1403 (D.Minn.1991). In this case, the central countervailing interest weighing against transfer is the presence of other related litigation pending before the Court involving the same operative facts, the same antitrust claims and the same defendants. *S & S Forage v. Up North, et al.,* Civ. No. 98–565. A transfer of this case would break two substantially related cases in two and increase the risk of inconsistent outcomes. By retaining the *Steward* action here, both cases can be adjudicated simultaneously before a Court that is intimately familiar with the issues in this case, having presided over this litigation since 1996 and having ruled on numerous motions during that time period. *Alternative Pioneering Sys., Inc. v. Direct Innovative Prods., Inc.,* No. 4–92–278, 1992 WL 510190 at *5 (D.Minn., Aug.2, 1992) ("Judicial economy weighs in favor of a denial of the defendants' [§ 1404(a) ] motion. The court is already familiar with the facts underlying the claims in this case."). In-

deed, defendants recently filed a joint motion for summary judgment in *both* cases.

Thus, while the Court recognizes the Eighth Circuit and this district's favorable view of forum selection clauses, in the final analysis, each transfer motion hinges on balancing the competing interests and facts of every individual case. In this instance, those interests weigh more heavily in favor of retaining *Steward*. Defendants' motion to transfer venue under § 1404(a) is thus denied.

## II. Defendants' Motion to Dismiss Plaintiffs' Class Action Allegations

Defendants maintain that plaintiffs' class action allegations should be dismissed for two reasons. First, a third duplicative class action contravenes the principles of judicial economy, efficiency and fairness and would work an unjustified hardship on defendants to oppose another motion for class certification. Second, because tolling does not apply to plaintiffs' class claims, any class claim that could be certified could only adjudicate a brief fourteen-month period of purchases made.

Plaintiffs maintain that the Court need not even consider the tolling argument raised by defendants. Instead, plaintiffs claim that the filing of their motion is timely because the illegal acts of defendants were fraudulently concealed until October 20, 1995. Thus, the Steward complaint (filed September 29, 1999) is within the four-year statute of limitations for antitrust claims. *See* 15 U.S.C. § 15b. Plaintiffs also emphasize that unforeseen circumstances have prevented the Court from ever fully considering a motion for certification. In *Hunt,* the Court never ruled on a motion for class certification because plaintiff filed for bankruptcy and in *S & S Forage,* Carl Schramm's unexpected death shortly after filing the complaint destroyed any real possibility that the Court would consider plaintiff an adequate class representative.

The Court declines to explore the merits of the tolling and fraudulent concealment arguments at this time because the Court would prefer to consider these arguments in connection with plaintiffs' motion for class certification. The Court understands that it will require some additional time and expense for defendants to oppose plaintiffs' motion, but the Court is simply unwilling to preemptively deny plaintiffs at least an opportunity to present a motion for class certification. Thus, the Court is going to deny defendants' motion at this time but will do so without prejudice, thus allowing defendants to re-assert the arguments raised here in connection with plaintiffs' motion for class certification.

## ORDER

Based upon the foregoing, the submissions of the parties, the arguments of counsel and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Ag–Bag International Limited's motion to dismiss this action or in the alternative to transfer this action [Docket No. 41] is **DENIED;**

2. Defendants' motion for order dismissing class action allegations [Docket No. 42] is **DENIED WITHOUT PREJUDICE,** Defendants may re-submit this motion in connection with plaintiffs' motion for class certification.