■ LEWIS E. IANDOLI, Doing Business as BLUE RIDGE FUEL COMPANY,

Appellant, v ASIATIC PETROLEUM CORPORATION, Respondent.—Order, Supreme Court, New York County, entered November 15, 1976, which granted defendant's motion to dismiss the amended complaint, unanimously modified, on the law, to the extent of reinstating the second cause of action and, as so modified, affirmed, without costs and without disbursements. Both the first and third causes of action sound in breach of a contract for sale and are governed by a four-year Statute of Limitations (Uniform Commercial Code, § 2-725). Plaintiff's argument in avoidance of this limitation that these causes are based in economic duress which is a species of fraud and, therefore, governed by a six-year limitation period, is without merit. As stated by the Court of Appeals: "In applying a Statute of Limitations * * * 'We look for the reality, and the essence of the action and not its mere name.' *(Brick v. Cohn-Hall-Marx Co.,* 276 N. Y. 259, 264.)" *(Morrison v National Broadcasting Co.,* 19 NY2d 453, 459; see, also, *Carr v Lipshie,* 8 AD2d 330, affd 9 NY2d 983.) Here, the alleged economic duress was the means of accomplishing the breach and added nothing to the causes of action sounding in contract (see *Brick v Cohn-Hall-Marx Co.,* 276 NY 259; see, also, *Friedman v Roseth Corp.,* 270 App Div 988, affd 297 NY 495). Insofar as the second cause of action is concerned, the motion to dismiss was predicated on CPLR 3211 (subd [a], par 5). The fact that an agreement may be unenforceable as a consequence of application of the parol evidence rule is not set forth as a basis to bring a motion to dismiss under CPLR 3211. While the motion could have been treated as one for summary judgment, Special Term did not give the required notice to the parties that it would be so treated (CPLR 3211, subd [c]). Accordingly, consideration of the parol evidence rule is irrelevant in this procedural context. Under the Statute of Frauds (Uniform Commercial Code, § 2-201), the contract for sale "need not contain all the material terms * * * and such material terms as are stated need not be precisely stated. All that is required is that the writing afford a basis for believing that the offered oral evidence rests on a real transaction" (McKinney's Cons Laws of NY, Book 62½, Uniform Commercial Code, § 2-201, Official Comment, p 117). On this record the second cause of action *as pleaded* cannot be held barred by the Statute of Frauds. Concur—Murphy, P. J., Kupferman, Lupiano and Lane, JJ.