■ NORTH TOWN AUTO RENTAL, INC., Respondent, v SPORTSERVICE CORPORATION et al., Appellants.—Order reversed, with costs, and motion denied. Memorandum: Defendants appeal from an order granting partial summary judgment on the issue of liability to the plaintiff in an action for specific performance of a contract or in the alternative for damages for breach of the contract for the sale of two used "bubble" air support shelters. Plaintiff had responded to defendants' advertisement which offered the two structures for sale at a price of $75,000. On October 27, 1978, after some negotiations, plaintiff offered $25,000 for both shelters and defendants'

representative, Ronald A. Chapin, said "you've got a deal." Plaintiff gave defendants a check in the amount of $1,000 as a down payment on which was written: "deposit, 2 air bubbles, 55,000 sq. ft." and took back a receipt stating: "received $1,000 on deposit for purchase of 2 air bubbles. Total purchase price is $25,000." Chapin states in an affidavit that prior to the oral agreement there was no discussion relating to warranties but that after the exchange of the check and receipt, "plaintiff then injected new conditions and destroyed any meeting of the minds that existed" by requiring "representations and warranties relating to the structures" and that he "told [plaintiff that he] would confer with [defendants'] legal department and have it prepare a contract, and we would then communicate with plaintiff by mail." Plaintiff does not dispute these allegations. No written contract was ever forwarded. Defendant ultimately sold the "bubble" structure to a third party for a higher price and plaintiff sued. The order of Special Term granting partial summary judgment should be reversed. The record demonstrates that there were unresolved questions of fact sufficient to preclude summary judgment on the issue of defendants' liability. (See *Created Gemstones v Union Carbide Corp.,* 47 NY2d 250.) If, as defendants claim, the oral agreement of sale was "as is, where is", the record presents triable issues as to whether plaintiff repudiated that contract by injecting new conditions and by requiring representations and warranties where none had previously been asked for or given (see, generally, 10 NY Jur, Contracts, § 395; Uniform Commercial Code, § 2-610), or whether the parties, having agreed to the sale on an "as is, where is" basis, mutually abandoned that understanding in contemplation of a new written contract, to be prepared by defendants' legal department, containing warranties to be agreed upon (see *Green v Doniger,* 300 NY 238, 245; *Matter of Schanzer,* 7 AD2d 275, 278, affd 8 NY2d 972). All concur, except Doerr and Moule, JJ., who dissent and vote to affirm the order, in the following memorandum.

Doerr and Moule, JJ. (dissenting). Defendants advertised for sale two used air support structures, suitable for use as warehouses, which were deflated and stored at two warehouse locations. At defendants' place of business, plaintiff offered $25,000 for the structures and defendants accepted. Plaintiff drew a check for $1,000 and wrote on the back, "deposit 2 air bubbles 55,000 sq. ft." Defendants signed a receipt which stated, "received $1,000 as deposit for purchase of 2 air bubbles. Total purchase price is $25,000." Defendants subsequently sold the structures to a third party. Special Term granted plaintiff's motion for summary judgment on the issue of liability on the contract holding that the writings evidencing the agreement between the parties were adequate to show a meeting of the minds and that missing terms could be supplied under article 2 of the Uniform Commercial Code. Defendants contend that there was no contract because the writings fail to satisfy the Statute of Frauds. Section 2-201 of the Uniform Commercial Code provides that for a contract to be enforceable there must be "some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought". The receipt signed by defendants indicates the purchase price and the items to be sold. It provides a sufficient basis for holding that a real transaction has transpired. This satisfies the Statute of Frauds (Uniform Commercial Code, § 2-201; *Iandoli v Asiatic Petroleum Corp.,* 57 AD2d 815, mot for lv to app dsmd 42 NY2d 1011). Defendants also contend that there was no contract because there were no provisions for delivery and warranty. Special Term properly found that there was a contract and that missing items could be supplied by article 2 of the Uniform Commercial Code. Subdivision 3 of

section 2-204 of the Uniform Commercial Code provides that "Even though one or more terms are left open a contract for sale does not fail for indefiniteness if the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy." Sections 2-308, 2-314 and 2-315 of the Uniform Commercial Code supply delivery and warranty provisions for contracts which have none. Defendants further contend that the parties understood that the sale was to be on an "as is, where is" basis and that if, in calculating damages, the court uses the Uniform Commercial Code to supply delivery and warranty terms to the contract, the court will be giving plaintiff the benefit of a bargain which was never made. Since it appears that defendants were not merchants with respect to the air structures, the Uniform Commercial Code implied warranties of merchantability and fitness for a particular purpose do not apply to the transaction (see Uniform Commercial Code Official Comment No. 3, § 2-314). In addition, since there was no provision for delivery, it became, under subdivision (b) of section 2-308 of the Uniform Commercial Code, the place where the air support structures were stored. (Appeal from order of Erie Supreme Court—summary judgment.) Present—Cardamone, J. P., Simons, Hancock, Jr., Doerr and Moule, JJ.