■ MURIEL RUSSELL, Respondent, v JOY HENSHEL et al., Appellants.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered September 29, 1988, insofar as it denied defendants' motion for partial summary judgment dismissing the first, second, fifth and sixth causes of action of the complaint, unanimously affirmed, with costs.

Questions of fact concerning the status of the apartment make this case inappropriate for disposition by means of summary judgment. There are sufficient collateral writings *(see, Crabtree v Arden Sales Corp.,* 305 NY 48; *Marks v Cowdin,* 226 NY 138) so as to provide a basis for admitting parol evidence regarding the nature of this transaction and,

thereby, satisfy the Statute of Frauds as a matter of law *(see, Iandoli v Asiatic Petroleum Corp.,* 57 AD2d 815, *lv dismissed* 42 NY2d 1011). The prime tenant's admitted lack of any connection with the control or occupancy of the apartment raises the question of an illusory tenant and whether equity should impose a constructive trust on the premises in plaintiff's favor *(Simonds v Simonds,* 45 NY2d 233). Concur—Asch, J. P., Milonas, Ellerin and Wallach, JJ.