■ BRAY TERMINALS, INC., Appellant, v TRANSPORT OIL COMPANY, INC., Respondent.—Levine, J. Appeal from an order of the Supreme Court (Harris, J.), entered June 11, 1991 in

Albany County, which granted defendant's motion to dismiss the complaint as time barred.

In 1981, plaintiff and defendant entered into an oral contract whereby plaintiff agreed to supply and defendant agreed to purchase certain petroleum products. Under the parties' contract, the terms of which are not in dispute, defendant also agreed to pay all applicable taxes to plaintiff upon its sale and delivery of the petroleum products. Between July 1, 1981 and June 20, 1983, plaintiff delivered and defendant accepted the agreed-upon products. The State had put into effect during that same time period a gross receipts tax on the sale of petroleum products to retailers such as those by plaintiff to defendant (see, Tax Law § 182-a). On August 18, 1981, plaintiff sent a letter to all of its customers advising them that future invoices would contain a separate line reflecting a gross receipts tax. Subsequent invoices sent by plaintiff, however, apparently did not include the tax.

In February 1985, following an audit by the Department of Taxation and Finance, plaintiff was notified that it was being assessed for gross receipts taxes payable during the period from July 1, 1981 to June 30, 1983. On February 27, 1985, plaintiff sent defendant a letter explaining the results of the audit and an invoice for $8,865.70, representing the gross receipts tax attributable to sales made to defendant during the relevant period. Defendant failed to make payment. Consequently, plaintiff commenced the instant action on February 12, 1990 alleging separate causes of action for breach of contract and unjust enrichment. Defendant moved to dismiss on the ground that the action was barred by the Statute of Limitations (see, CPLR 3211 [a] [5]). Supreme Court granted the motion and this appeal by plaintiff followed.

On this appeal, the parties do not dispute that plaintiff's first cause of action, alleging a breach of contract involving the sale of goods, is governed by the four-year Statute of Limitations contained in UCC 2-725 (1). Plaintiff contends, however, that the limitations period should be measured from mid-1986, the time at which it actually paid to the Department the amount of its tax liability. We disagree. In an action for breach of contract, the Statute of Limitations starts to run from the time when the breach occurs (see, Brooklyn Union Gas Co. v Interboro Surface Co., 87 AD2d 833, appeal dismissed 57 NY2d 673). Here, the alleged breach occurred upon plaintiff's last delivery to defendant in June 1983, at which time defendant became liable for payment, or, at the very latest, in February 1985 when plaintiff received notice of the

assessment by the Department and billed defendant for its share of the gross receipts tax owed. In either case, plaintiff's claim for breach of contract was barred by the Statute of Limitations because the action was not commenced until February 1990 (see, UCC 2-725 [1]).

We reach the same conclusion with respect to plaintiff's second cause of action for unjust enrichment. The essence of this claim is that defendant refused to pay the taxes due on the products it purchased, the same allegations that formed the basis for the first cause of action for breach of the parties' sales contract (see, Green Bus Lines v General Motors Corp., 169 AD2d 758, 759; Iandoli v Asiatic Petroleum Corp., 57 AD2d 815, 816, lv dismissed 42 NY2d 809, 1011). Thus, we cannot agree with plaintiff's assertion that the claim is in the nature of indemnity requiring application of a six-year rather than a four-year Statute of Limitations. Supreme Court's order granting defendant's motion dismissing the complaint should therefore be affirmed.

Weiss, P. J., Mercure and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.