■ BRAY TERMINALS, INC., Appellant, v STEWART'S MARKETING CORPORATION, Respondent. [604 NYS2d 284] —Mikoll, J. Appeal from an order of the Supreme Court (Dier, J.), entered December 4, 1992 in Warren County, which granted defendant's motion for summary judgment dismissing the complaint.

The discrete issue before us is whether Supreme Court properly dismissed plaintiff's second cause of action as barred by the Statute of Limitations. This cause of action was for unjust enrichment based on fuel purchases made by defendant from plaintiff pursuant to a series of oral contracts where plaintiff sought to be indemnified by defendant for payment of

gross receipts taxes pursuant to Tax Law § 182-a on the oil sales.

Effective July 1, 1981, New York imposed a gross receipts tax of three quarters of one per cent on sales of petroleum to retailers (Tax Law § 182-a). On August 18, 1981, plaintiff notified its customers that future invoices would reflect the tax. However, this was not done. On August 2, 1983, defendant notified plaintiff that defendant was not exempt from payment of the gross receipts tax. Following a State audit, on February 27, 1985 plaintiff billed defendant for the gross receipts tax on all sales of petroleum products for the period July 1, 1981 through June 3, 1983. On March 15, 1985, defendant refused to pay. This action was commenced on February 26, 1990 asserting causes of action for breach of contract and unjust enrichment. Defendant answered and brought on a motion for summary judgment dismissing plaintiff's complaint on the ground that both causes of action, the first based on oral contract and the second for unjust enrichment, were barred by the four-year Statute of Limitations (see, CPLR 3211 [a] [5]), which was granted.

There should be an affirmance. Supreme Court appropriately based its decision on *Bray Terms. v Transport Oil Co.* (180 AD2d 938), which is determinative of the issue raised here.

Weiss, P. J., Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.