74 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BLUE ASH DEVELOPMENT, INC. and Royalton Resources, Inc.,
Plaintiffs-Appellants,
v.
Susan E. POLAN, Basil A. Diamond, and Susan I. Murray,
Defendants-Appellees.
 No. 94-6324.
 United States Court of Appeals, Sixth Circuit.
 Jan. 2, 1996.
 
 Before: KRUPANSKY, BATCHELDER, and MOORE, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the district court's order transferring their declaratory judgment action to the Southern District of Florida. Because the transfer order was not appealable under either 28 U.S.C. Sec. 1291 or Sec. 1292, we dismiss for want of jurisdiction.
 
 
 2
 * Plaintiffs Blue Ash Development, Inc. ("Blue Ash") and Royalton Resources, Inc. ("Royalton Resources") brought their declaratory judgment action in the U.S. District Court for the Eastern District of Kentucky on February 18, 1994. Jurisdiction was based upon diversity of the parties. Plaintiff Blue Ash and defendants Susan Polan, Basil Diamond, and Susan Murray had been parties to a joint venture agreement regarding a landfill site in Kentucky, which also involved the transfer of Royalton Resources from defendants to Blue Ash. Apparently, the deal went sour, with defendants filing and threatening to file further criminal charges against officers of Blue Ash. After Blue Ash brought its action, defendant Basil Diamond invoked the choice of law and venue clause of the joint venture agreement and amended joint venture agreement, which states: "This Agreement shall be governed by and construed under the laws of the State of Florida, and venue for any litigation shall lie in Palm Beach County, Florida." Based on this provision, the district court in Kentucky granted Diamond's motion to transfer to the Southern District of Florida on August 8, 1994. The district court also denied plaintiffs' motion to alter the decision. Plaintiffs filed their notice of appeal on October 7, 1994.
 
 
 3
 On December 22, 1994, the district court in the Southern District of Florida dismissed the case without prejudice because the parties had failed to file a joint status report in compliance with a Notice of Status Conference issued by that court.
 
 II
 
 4
 The statutory basis for the district court's transfer of the litigation is not entirely clear from the record: neither defendant Diamond's motion nor the district court's order makes any reference to 28 U.S.C. Sec. 1404 or any other federal transfer statute. After Stewart Organization v. Ricoh Corp., 487 U.S. 22 (1988), however, it is reasonably settled that in diversity actions, a transfer order premised on a contractual forum selection clause will be governed by 28 U.S.C. Sec. 1404. In Ricoh, which involved a mandatory venue clause, the defendant appealed the denial of a motion to transfer or dismiss under both 28 U.S.C. Sec. 1404 and Sec. 1406, and one of the major issues was whether federal law, as opposed to state law, would determine the enforceability of the venue clause in a diversity case. Id. at 24. The Supreme Court, 8 to 1, held "that federal law, specifically 28 U.S.C. Sec. 1404(a), governs the parties' venue dispute." Id. at 28. Other than Sec. 1404, there are no relevant statutory means of transferring the case from one federal district to another.[1]
 
 
 5
 As a consequence, the appealability of the present case depends upon the appealability of Sec. 1404 transfers in general. The settled rule is that neither a grant nor a denial of a motion to transfer is immediately appealable under 28 U.S.C. Sec. 1291 or Sec. 1292. Bufalino v. Kennedy, 273 F.2d 71 (6th Cir.1959); Lemon v. Druffel, 253 F.2d 680 (6th Cir.1958), cert. denied, 358 U.S. 821 (1958). Thus, plaintiffs may not directly appeal the district court's transfer order. Plaintiffs argue that the order falls either under the "collateral order" doctrine of Cohen v. Beneficial Industrial Loan Commission, 337 U.S. 541 (1949), or under 28 U.S.C. Sec. 1292(a)(1), which allows appeals from interlocutory injunctive orders. This court has, however, explicitly rejected the idea that a transfer order is generally appealable under either Sec. 1291 or Sec. 1292. Bufalino, 273 F.2d at 71.
 
 
 6
 Notice of appeal was taken from an unappealable interlocutory order and was therefore a nullity. No notice of appeal was filed following the subsequent dismissal in the Southern District of Florida. Accordingly, we DISMISS the appeal.
 
 
 
 [1]
 28 U.S.C. Sec. 1406(a) provides for transfer or dismissal when a case is brought where venue is initially "wrong." It does not appear under Ricoh that a forum selection clause makes the venue "wrong" for Sec. 1406 purposes when the action is filed in a district other than that specified in the clause. Ricoh suggests that Sec. 1406(a) applies mainly to those situations when the action is initially brought in a division or district where the statutory requirements for venue (28 U.S.C. Sec. 1391) have not been met. See Ricoh, 487 U.S. at 29 n. 8. See also Jumara v. State Farm Insurance Co., 55 F.3d 873, 877-79 (3d Cir.1995) (relying on Ricoh to hold that Sec. 1404 rather than Sec. 1406 applies when Sec. 1391 is satisfied)