EDWARD HERBA, JR., Individually and Doing Business as ED HERBA, JR. SAND & GRAVEL, Appellant, v EVERETT R. CHICHESTER et al., Respondents. [754 NYS2d 695] —Mugglin, J. Appeal from an order of the Supreme Court (Sise, J.), entered June 27, 2001 in Fulton County, which granted defendants' motion for summary judgment dismissing the complaint.

Between 1989 and 1994, plaintiff sold various sand and gravel products to defendant Cobleskill Red E Mix & Supply, Inc. (hereinafter Cobleskill) on a revolving open account. The principal balance due in May 1994 was $95,741.57. By agreement dated May 6, 1994, Cobleskill and defendant Everett R. Chichester, its sole stockholder, agreed to sell various personal and business assets, including all of the outstanding shares in Cobleskill, to defendant John A. Tesiero, Jr. The sale price of $1,693,000 was comprised of a cash payment of $190,000, the assumption of $783,774 of outstanding corporate accounts payable (including plaintiff's) and the execution of a promissory note for the balance. On October 15, 1998, the transaction closed and the assets, including the Cobleskill stock, were transferred to Fulmont Ready Mix, Inc., Tesiero's assignee. On March 3, 1999, plaintiff commenced this action against Chichester, Cobleskill and Tesiero, asserting causes of action for breach of contract, unjust enrichment and account stated, and that he was a third-party beneficiary of the aforesaid sales agreement of May 6, 1994. Following joinder of issue and prior to depositions being taken, defendants moved for summary judgment dismissing the complaint on various grounds, including that the breach of contract, unjust enrichment and account stated causes of action were barred by the four-year statute of limitations for the sale of goods found in UCC 2-725 (1) and that the complaint fails to allege sufficient facts to demonstrate that plaintiff was an intended third-party beneficiary of the sales agreement. Supreme Court so found and granted the motion and dismissed the complaint.

On this appeal, plaintiff does not challenge Supreme Court's dismissal of the breach of contract action as barred by the four-

year statute of limitations governing the sale of goods found in UCC 2-725 (1). Plaintiff, however, asserts that his unjust enrichment and account stated causes of action are governed by a six-year statute of limitations and were timely commenced. We disagree. CPLR 213 (2) states in relevant part: "The following actions must be commenced within six years: * * * an action upon a contractual obligation or liability, express or implied, except as provided in * * * article 2 of the uniform commercial code * * *." A reading of plaintiff's complaint establishes that the breach of contract, unjust enrichment and account stated causes of action are based on the same allegations, i.e., nonpayment by Cobleskill for the delivery of goods by plaintiff. As a result, all three causes of action are governed by the four-year statute of limitations and are time-barred (see Sitkiewicz v County of Sullivan, 256 AD2d 884, 885, lv denied 93 NY2d 908; see also Bray Terms. v Transport Oil Co., 180 AD2d 938, 939-940; Sawyer v Camp Dudley, 102 AD2d 914). Moreover, a letter sent by Chichester to plaintiff on June 10, 1996 contained no unconditional promise to pay a sum certain so it does not constitute evidence of a personal promise to pay the debt by Chichester. The letter was clearly an offer of settlement which was not accepted by plaintiff. Under these circumstances, plaintiff's claim that the statute of limitations began to run anew is without merit (see Sitkiewicz v County of Sullivan, supra at 886).

Next, we find no merit to plaintiff's argument that Supreme Court erroneously dismissed its third-party beneficiary claim or, at the very least, that discovery was incomplete and, therefore, summary judgment on this issue was premature. First, the facts as alleged in the complaint fail to demonstrate that any obligations created by the sales agreement were intended to be for the benefit of any creditor, including plaintiff (see Braten v Bankers Trust, 60 NY2d 155, 163-164; Dubroff v Evergreen Bank, 265 AD2d 644, 645). Second, plaintiff had started no discovery proceedings, despite the lapse of two years between the commencement of the action and defendants' motion. Third, plaintiff makes no claim that facts or materials in the exclusive knowledge and possession of defendants exist which would establish his status as an intended third-party beneficiary. Thus, defendants' motion for summary judgment was properly granted (see Firth v State of New York, 287 AD2d 771, 773, affd 98 NY2d 365; Pank v Village of Canajoharie, 275 AD2d 508; see also CPLR 3212 [f]).

Crew III, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.