In the Matter of VILLAGE OF SCARSDALE et al., Petitioners, and UNITED WATER NEW ROCHELLE, INC., Appellant, v NEW YORK CITY WATER BOARD, Respondent. [824 NYS2d 325]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, in effect, to review certain determinations of the respondent New York City Water Board establishing the methodology for calculating the quantity of "excess water" supplied to the petitioners from the City of New York water supply, and an action, inter alia, for a judgment, in effect, declaring that the methodology is invalid, the petitioner United Water New Rochelle, Inc., appeals, as limited by its brief and as further limited by letter dated October 5, 2006, from so much of (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered October 26, 2004, as denied that branch of the petitioners' motion which was to dismiss the counterclaim to recover the amount owed by it for the "excess water" supplied to it on the ground that the notice of claim requirements apply to it, and (2) an order of the same court entered March 23, 2005, as, upon reargument, (a) in effect, adhered to so much of the determination in the order entered October 26, 2004, as denied that branch of the petitioners' motion which was to dismiss that counterclaim on the ground that the notice of claim requirements apply to it and, (b) in effect, vacated so much of the order entered October 26, 2004, as granted that branch of the petitioners' prior motion which was for summary judgment dismissing that counterclaim as time-barred by a four-year statute of limitations and instead denied that branch of the prior motion on the ground that a six-year statute of limitations applied.

Ordered that the appeal from the order entered October 26, 2004 is dismissed, without costs or disbursements, as that order was superseded by the order entered March 23, 2005 made upon reargument; and it is further,

Ordered that order entered March 23, 2005 is modified, on the law, by deleting the provisions thereof, upon reargument, vacating so much of the prior determination as granted that branch of the petitioners' prior motion which was for summary judgment dismissing as time-barred by a four-year statute of limitations the counterclaim to recover the amount owed by the

appellant for the "excess water" supplied to the appellant and denying that branch of the prior motion on the ground that a six-year statute of limitations applied and substituting therefor a provision adhering to so much of the prior determination as determined that the applicable statute of limitations period was four years; as so modified, the order entered March 23, 2005 is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing, which shall be conducted immediately after an opportunity for discovery is had, to determine the accrual dates for the counterclaim and a new determination of that branch of the motion using a four-year statute of limitations.

The respondent's counterclaim to recover the amount allegedly owed by the appellant for the "excess water" supplied to it from the City of New York water supply was contractual in nature, as opposed to quasi-contractual in nature (*cf. Bradkin v Leverton,* 26 NY2d 192, 196-197 [1970]). Since the counterclaim was essentially predicated on a contract for the sale of goods (*see Sternberg v New York Water Serv. Corp.,* 155 AD2d 658, 659 [1989]; *see also* UCC 2-102), the four-year statute of limitations contained in UCC article 2 applies (*see* UCC 2-725 [1]; CPLR 213 [2]).

The counterclaim accrued when the appellant was required to, and failed to, pay its "excess water" bills (*see* UCC 2-725 [2]; *Bray Terms. v Transport Oil Co.,* 180 AD2d 938, 939-940 [1992]). Yet, it is not clear from the record when the appellant (which, the parties do not dispute, never paid any excess water bills) was required to pay the particular "excess water" bills for which the respondent now seeks payment. Hence, issues of fact exist as to when the counterclaim accrued against the appellant (*see Radon Constr. Corp. v Alcon Constr. Corp.,* 277 AD2d 368 [2000]; *American Elec. Power Co., Inc. v Westinghouse Elec. Corp.,* 418 F Supp 435, 460-461 [1976]). Accordingly, a hearing to determine the applicable accrual dates and the viability of the claims thereafter, was warranted. Therefore, we remit the matter to the Supreme Court, Westchester County, to fix a discovery schedule on this issue and to conduct a hearing to determine the accrual dates at issue and for a new determination of that branch of the motion which was to dismiss the counterclaim as time-barred.

The appellant's remaining contentions are without merit. Miller, J.P., Luciano, Lifson and Covello, JJ., concur.