■ WUHU IMPORT & EXPORT CORPORATION, Appellant, v CAPSTONE CAPITAL, LLC, Also Known as CAPSTONE TRADE PARTNERS, LTD. and CAPSTONE & COMPANY, Respondent. [834 NYS2d 129]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered March 20, 2006, which granted defendant's motion to dismiss the complaint as barred by the statute of limitations, unanimously affirmed, with costs.

Plaintiff, a Chinese corporation, alleges that in June 2000 it shipped men's apparel to the United States. After the goods arrived in customs at New York City, the buyer failed to consummate the purchase for lack of the necessary financing. Plaintiff

thereupon agreed to sell a portion of the apparel to defendant, for a total price of $1,350,000.

On or about August 1, 2000, defendant made a partial payment of $298,335.36. Plaintiff alleges that upon subsequent inspection, defendant noted substantial defects and demanded a discounted price. On or about October 26, 2000, the parties executed a "settlement" agreement, pursuant to which plaintiff agreed to sell the apparel to defendant at the reduced price of $598,335.36, with a credit for the prior payment. On the same date the parties also executed mutual general releases. Plaintiff alleges that defendant failed to pay the $300,000 balance as set forth in the agreement.

This action was commenced in June 2005, alleging breach of contract, breach of the covenant of good faith and fair dealing, fraud, unjust enrichment, quantum meruit and conversion. The court correctly perceived that the "settlement" agreement was in fact a modification of the parties' original contract for the sale of goods. A six-year statute generally governs breach-of-contract claims "except as provided in . . . article 2 of the uniform commercial code." (CPLR 213 [2].) The court appropriately applied the four-year statute of limitations in UCC 2-725 (1) (*Levin v Hoffman Fuel Co.*, 94 AD2d 640 [1983], *affd* 60 NY2d 665 [1983]).

The fact that the complaint asserts various other causes of action, such as for fraud and breach of contract, is of no moment. The causes of action in the complaint are all premised on the same allegation, namely, nonpayment for goods, thus invoking the four-year statute (*see Herba v Chichester*, 301 AD2d 822 [2003]). In light of our disposition, it is unnecessary to reach defendant's other points in response. Concur—Mazzarelli, J.P., Andrias, Friedman, McGuire and Malone, JJ.