**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 17a0285n.06**

**No. 16-6435**

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS**<br>**FOR THE SIXTH CIRCUIT** | | **FILED**<br>May 22, 2017<br>DEBORAH S. HUNT, Clerk |

| | |
|---|---|
| K-TEX, LLC, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| CINTAS CORPORATION, | ) COURT FOR THE EASTERN |
| | ) DISTRICT OF KENTUCKY |
| Defendant-Appellee. | ) |
| | ) |
| | ) |

BEFORE: BOGGS, MOORE, and McKEAGUE, Circuit Judges.

BOGGS, Circuit Judge. Although the suit before us began as a breach-of-contract action, this case centers not on the law of contracts but on the law of venue. K-Tex, LLC, brought suit in New York state court, where the claim was time-barred under New York law. Defendant Cintas Corporation removed the suit to federal court and then sought to transfer it to Kentucky. The New York district judge transferred the case to the Eastern District of Kentucky, where K-Tex argued that Kentucky's statute of limitations—under which the claim was not time-barred—should apply. Because venue was proper in the transferor court, its law carries over to the transferee court. Accordingly, we affirm the Kentucky district court's decision to dismiss the case as barred by New York's statute of limitations.

I

K-Tex, LLC, sells fiber and industrial textiles, including shop towels, aprons, fender covers, and various commercial laundry products. [[R. 1, p. 8; R. 24-1, p. 156.]] In August 2015, it brought suit against Cintas Corporation in the Supreme Court of the State of New York. K-Tex alleged that the parties had agreed that Cintas would pay a fixed price for certain shipments of goods, but after receipt of the goods Cintas had failed to pay a balance of approximately $1,000,000 by December 2010 or January 2011. [[R. 1, p. 8.]] Cintas was served with a copy of the summons and complaint on December 11, 2015, and promptly filed for removal to the United States District Court for the Southern District of New York. [[R. 1, pp. 1-4.]] Pursuant to the policies of the district judge assigned to the case, Cintas sent a pre-motion letter to both the district court and K-Tex requesting a conference in order to file a motion to change venue "pursuant to 28 U.S.C. §§1391, 1404, and 1406, as well as Fed. R. Civ. P. 12(b)(3)." [[R. 6, p. 48; *see also* Appellee's Br. Addendum B, pp. 2–3.]] The district court scheduled a pre-motion conference for January 26, 2016. [[R. 7, p. 51.]] K-Tex did not file a response, although the local rules stated that "an adversary wishing to oppose the motion [that is the subject of the pre-motion letter] must submit a written response with a courtesy copy to Chambers" within three business days after receipt of the letter.[1] [[Appellee's Br. Addendum B, p. 3.]]

The pre-motion conference took place as scheduled on January 26. At the conference, counsel for K-Tex seemed surprised that the substance of the motion was the subject of the

---

[1] K-Tex argued that they did not receive the letter until after the pre-motion conference had been scheduled. [[R. 24-1, p. 149.]] Cintas contends that it sent K-Tex a copy via FedEx at the same time it submitted the letter to the court. [[R. 24-1, p. 155.]] The determination of when K-Tex actually received the letter is not relevant to the resolution of this case.

meeting, rather than merely permission to file the motion.[2]  [[R. 24-1, pp. 147, 149.]] Nevertheless, the parties presented arguments before the district court as to why the case should stay in New York or be moved.  [[R. 24-1, pp. 147–52.]]  K-Tex is a Nevada company with its principal place of business in Tennessee.  [[R. 1, p. 7.]]  Cintas is a Washington company with its principal place of business in Ohio.  [[Appellee's Br. 4.]]  Cintas argued that, although it had an office in New York (along with almost every other state) and conceded personal jurisdiction, the case would be much better litigated in Kentucky, where Cintas's Ashland facility was located and where the goods were allegedly delivered.  [[R. 24-1, pp. 147–48.]]  K-Tex argued that one of its two key witnesses split his time between Tennessee and New York, and at least some of the alleged deliveries took place in New York.  [[R. 24-1, pp. 149, 151.]]  The other key witness was twenty-three miles from the Kentucky border in West Virginia.  [[R. 24-1, pp. 150–51.]]  K-Tex conceded that "most of the deliveries in this particular case that are in dispute relate to the Kentucky location."  [[R. 24-1, p. 149.]]  After the district court noted that "it doesn't sound like there is a real nexus to New York at all," K-Tex offered that "to the extent that this Court believes this case should be transferred, then we would ask for it to be transferred to Memphis, Tennessee."  [[R. 24-1, p. 152.]]  All of the orders were coordinated by K-Tex in Memphis.  [[*Id.* at 153.]]  Cintas disagreed with K-Tex's proposal, maintaining that all of the documents were in Kentucky, all of Cintas's orders were made from Kentucky, and any deliveries would have been to Kentucky. [[R. 24-1, p. 154.]]

The district judge initially asked K-Tex to send a three-page response letter to the court as a formal answer to the pre-motion letter and state why the case should be in Tennessee rather than Kentucky.  Once K-Tex acknowledged that its documentary paperwork showed that the

---

[2] The local rules had also warned that "[m]otions will be resolved at the pre-motion conference to the extent possible."  [[Appellee's Br. Addendum B, p. 3.]]

orders were delivered and received "[i]n Kentucky," however, the judge ruled that the case should be transferred to the Eastern District of Kentucky. [[R. 24-1, pp. 159, 161.]] That same day, an order was issued that transferred the case to the Eastern District of Kentucky "[f]or the reasons stated on the record." [[R. 9, p. 55.]]

Cintas filed a motion to dismiss in the Eastern District of Kentucky, arguing that the claim was filed beyond the relevant statute of limitations and had not been adequately pleaded. [[R. 15, p. 67.]] Because the case was originally filed in New York and transferred, Cintas argued that New York's four-year statute of limitations applied. [[R. 15-1, p. 71.]] K-Tex failed to respond in a timely manner, and the Kentucky district court issued a show-cause order requiring K-Tex to demonstrate why the case should not be dismissed for failure to prosecute. [[R. 18.]] K-Tex then answered and contended that Kentucky's five-year statute of limitation should apply, under which its claims were timely. It also argued that its claims would not be barred under New York's statute of limitations and that it had adequately presented its allegations. [[R. 23, pp. 109–14.]]

In August 2016, the district court in the Eastern District of Kentucky granted Cintas's motion to dismiss, holding that the New York district court had transferred the case pursuant to 28 U.S.C. § 1404(a) and that New York's statute of limitations applied. [[R. 25, p. 185.]] Because the claims were filed after four and a half years, they were beyond the four-year limitation of the statute and therefore barred. [[R. 25, p. 185.]] The motion to dismiss was granted and the case was dismissed with prejudice. [[R. 25, pp. 185–86.]] K-Tex timely appealed. [[R. 26.]]

II

A. Standard of Review

We review de novo the grant of a motion to dismiss on the basis of a statute of limitations. *Durand v. Hanover Ins. Grp., Inc.*, 806 F.3d 367, 374 (6th Cir. 2015). We also review de novo "a district court's determination of whether a plaintiff has filed an action in the proper venue." *Mafcote Indus., Inc. v. Houchins*, 202 F.3d 269 (6th Cir. 2000). The decision to grant a transfer under 28 U.S.C. § 1404(a) is reviewed for abuse of discretion. *See Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 784 (6th Cir. 1961); *see also Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). Challenges to the original transfer are carried over to the new jurisdiction with the transfer of the papers of the case. *See Miller v. Toyota Motor Corp.*, 554 F.3d 653, 654 (6th Cir. 2009).

B. Analysis

*1. Was the transfer an abuse of discretion?* K-Tex's initial argument is that its case was transferred "without any evidentiary basis" and without "adequate notice or opportunity to oppose the transfer." [[Appellant's Br. 10.]] Cintas points out that K-Tex's notice of appeal stated that its appeal was from the district court's grant of the motion to dismiss, not the initial transfer, and contends that the argument should be considered forfeited. *See* Fed. R. App. P. 3(c); *United States v. Glover*, 242 F.3d 333, 335 (6th Cir. 2001) ("Congress has limited this Court's appellate review to issues designated in the notice of appeal."). [[R. 26, p. 187.]] Because the question was never argued before the district court and was not mentioned in the notice of appeal, we deem it forfeited. *See Bickerstaff v. Lucarelli*, 830 F.3d 388, 402 (6th Cir. 2016) ("Rule 3(c)(1)(B) is 'mandatory and jurisdictional, requiring strict obedience even in the face of harsh results.'" (quoting *Ramsey v. Penn Mut. Life Ins.*, 787 F.3d 813, 819 (6th Cir.

2015)).  The notice of appeal references only the motion to dismiss and does not fairly imply that issues relating to the transfer itself in the New York district court were the subject of the appeal. *See ibid.*

2. *Under which statute was the transfer effected, and which state's law applies?* K-Tex's main hope is to argue that the case was transferred from New York under 28 U.S.C. § 1406 rather than § 1404(a).  Section 1404(a) permits a district court to transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Section 1406 allows a district court to transfer a case to a district in which a case could have been brought where "a case [is filed] laying venue in the wrong division or district."  *Id.* § 1406.  Section 1404(a) applies for cases brought in a court where venue is proper; § 1406 for cases brought in an improper venue. *See Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir. 1980).  The distinction between the two is important because if a case is transferred via § 1404(a), the law of the transferor court applies. *Van Dusen v. Barrack*, 376 U.S. 612, 642 (1964) ("[T]he transferee district court must under § 1404(a) apply the laws of the State of the transferor district court . . . .").  If it is transferred via § 1406, however, the law of the transferee court applies.  *Martin*, 623 F.2d at 472 ("[F]ollowing a transfer under § 1406(a), the transferee district court should apply its own state law rather than the state law of the transferor district court.").  Accordingly, a § 1404(a) transfer would result in one statute of limitations applying and a § 1406 transfer would result in another; resolving this question essentially determines the result of this case.

K-Tex limits its argument on this issue to stating that neither the order nor the conference transcript specified a statutory basis for the transfer order and "[t]here was therefore absolutely no basis" to conclude that the transfer was pursuant to § 1404(a). [[Appellant's Br. 12.]]  Proper

venue exists when a case is removed to the federal district court for the district embracing the state court where the pending suit had been. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953) ("[T]he proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Id.* at 666 (quoting 28 U.S.C. § 1441(a)).). Because the Southern District of New York embraces the location of the Supreme Court of the State of New York, New York County (the New York trial court), venue was proper in the New York federal court. As noted above, where venue is proper and personal jurisdiction exists, § 1404(a) is the vehicle for transfer. *See Martin*, 623 F.2d at 474; *Blue Ash Dev., Inc. v. Polan*, 74 F.3d 1240, 1996 WL 1828, at *1 (6th Cir. 1996) (per curiam) (unpublished table decision) ("Other than § 1404, there are no relevant statutory means of transferring the case from one federal district to another."). And this is true even where the court below does not make explicit the statutory basis of its transfer. *See Blue Ash Dev., Inc.*, 1996 WL 1828, at *1 (determining that a district court must have transferred pursuant to § 1404 despite a record that made no reference to any federal transfer statute). Therefore, the case must have been transferred via § 1404(a). And thus the law of the transferor court, the New York federal court, applies.

This being a case brought under diversity jurisdiction, the New York district court would adopt New York's state statute of limitations. *See Blaha v. A.H. Robins & Co.*, 708 F.2d 238, 239 (6th Cir. 1983) ("Pursuant to the *Erie* doctrine, state statutes of limitations must be applied by federal courts sitting in diversity."). And New York's statute of limitations in breach-of-contract cases is clearly four years. *See* N.Y. C.P.L.R. 213(2) (McKinney 2004); U.C.C. § 2-725(1) (Am. Law Inst. & Unif. Law Comm'n). Although K-Tex argues that in addition to its breach-of-contract claim it brings other claims, *viz.*, unjust enrichment, promissory estoppel,

quantum meruit, and account stated [[R. 1, pp. 10–13]], "[t]he causes of action in the complaint are all premised on the same allegation, namely, nonpayment for goods, thus invoking the four-year statute." *Wuhu Imp. & Exp. Corp. v. Capstone Capital, LLC*, 834 N.Y.S.2d 129, 130 (N.Y. App. Div. 2007); *see also Herba v. Chichester*, 754 N.Y.S.2d 695, 697 (N.Y. App. Div. 2003) (holding claims of unjust enrichment and account stated as also governed by the four-year statute of limitations). The complaint states that the last of the transactions was completed by December 2010. Given that the complaint alleges that payment was due within thirty days of purchase [[R. 1, p. 8]], the start of the statute-of-limitations period would have been no later than January 2011. The complaint was filed in August 2015, some four and a half years after the time began running on the last claims. Accordingly, the district court was correct in determining that all of K-Tex's claims were barred by the statute of limitations and in dismissing the case on that ground.

## III

As the district court and the appellee note, "there is a certain irony in K-Tex's insistence that Kentucky law applies" given that it brought its case in a New York court. *K-Tex, LLC v. Cintas Corp.*, No. CV 16-8-HRW, 2016 WL 4445471, at *2 (E.D. Ky. Aug. 19, 2016). Having made its bed in New York, K-Tex must now lie in it, statute of limitations and all. Because all of K-Tex's claims are beyond the four-year limitation imposed by New York law, we **AFFIRM** the district court's grant of Cintas's motion to dismiss.