Mauro Pennisi, Inc. v Poospatuck Cultural Found., Inc. (2024 NY Slip Op 02532)

Mauro Pennisi, Inc. v Poospatuck Cultural Found., Inc.

2024 NY Slip Op 02532

Decided on May 8, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 8, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-07305
 (Index No. 8420/14)

[*1]Mauro Pennisi, Inc., respondent, 
v
Poospatuck Cultural Foundation, Inc., et al., defendants, Poospatuck Smoke Shop, et al., appellants.

Scott Lockwood, Deer Park, NY, for appellants.
John L. Juliano, P.C., East Northport, NY (Jonathan C. Juliano of counsel), for respondent.

DECISION & ORDER
In an action, in effect, to recover damages for breach of contract and on an account stated, the defendants Poospatuck Smoke Shop and Harry Wallace appeal from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated August 12, 2022. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
ORDERED that the order is affirmed, with costs.
In April 2014, the plaintiff commenced this action, in effect, to recover damages for breach of contract and to recover on an account stated against, among others, the defendants Poospatuck Smoke Shop and Harry Wallace (hereinafter together the defendants). The plaintiff, a wholesale tobacco distributor, alleged, among other things, that the defendants, who operated a retail tobacco store, failed to pay for goods the plaintiff provided to them for resale. Thereafter, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them as time-barred. In an order dated August 12, 2022, the Supreme Court denied the motion. The defendants appeal.
Where, as here, the plaintiff asserted causes of action alleging nonpayment of a contract for the sale of goods, the causes of action are governed by a four-year statute of limitations (see UCC 2-725[1]; Wuhu Import & Export Corp. v Capstone Capital, LLC, 39 AD3d 314, 315; Herba v Chichester, 301 AD2d 822, 823). Here, the defendants established, prima facie, that the causes of action accrued upon the delivery of the goods to them (see Fairlane Fin. Corp. v Scipione, 174 AD3d 577, 578) and that the plaintiff commenced this action more than four years thereafter. In opposition, however, the plaintiff raised a triable issue of fact as to when the causes of action accrued. The plaintiff submitted the affidavit of its president, Joseph Pennisi, who averred that the custom and practice of the parties was for the plaintiff to deliver the goods on credit and for the goods to be paid for at a later date (see Matter of Village of Scarsdale v New York City Water Bd., 33 AD3d 1011, 1013). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit.
DUFFY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court