Burke, J.
The trial court set aside a verdict of a jury and dismissed the complaint as a matter of law in this action brought against the county for an alleged unauthorized autopsy performed at the direction of a Coroner, over the objections of the plaintiff, on the body of her husband. The body of the deceased, a railroad worker whose duties included assisting in the assembling and coupling of freight cars, was found between tracks in a railroad yard with the left hand partially severed. The Appellate Division has reversed the judgment on the law and the facts, and directed judgment for the plaintiff, finding that under the circumstances of this case the statutory standard of section 773 of the Code of Criminal Procedure (i.e., reasonableness of the Coroner’s conduct) was a fact question for the jury.
The appellant’s principal argument that the reasonableness of the conduct herein is simply a question of law misconstrues the meaning of the statutes. Although the statutes governing the performance of autopsies grant broad discretion to Coroners, the power is limited to deaths which indicate a possibility of criminality or suicide. The exercise of such discretion will generally be upheld because it is apparent that a court, in most cases, can readily determine whether the Coroner had ‘ reasonable ground to suspect” that the death was occasioned “by the act of another by criminal means ” or that decedent is a suicide. (Code Crim. Pro., § 773, read with Public Health Law, § 4210.) Occasionally a court may find that the evidence shows an abuse of discretion as a matter of law, but such instances are rare. There are, however, many cases, and this is one, where the question of the reasonableness of the grounds for directing an autopsy may not be found to be absolutely right or wrong. It falls in an area where there is a want of full proof. Then the question of reasonableness cannot be treated as a problem of law alone. When, as here, the nature of the work, the duties of the deceased, the site of the work and the scene of death disclose conditions which often accompany accidents resulting in death, there should be substantial reasons present to justify the need for an autopsy. Since the death was unwitnessed and could have been caused by the injury to the hand, an autopsy would *333 not lead to signs of criminality or point to a suicide. When these facts are considered collectively, the judgment used by the Coroner cannot be found to be unassailable. In such circumstances an appraisal of the sensibleness of a decision directing an autopsy does involve a finding of fact.
The objection of the county to the joinder of the infant children of the deceased as plaintiffs is mistaken. The rule relied upon which was announced in Gostkowshi v. Roman Catholic Church (262 N. Y. 320, 325) does not forbid a joinder of the infants as plaintiffs with the spouse of the deceased. The court in that case held that a child may not maintain a separate action, as there can only be a single recovery, but indicated that “ surviving members of the deceased’s family might join as plaintiffs ” (Boyle v. Chandler, 33 Del. 323).
In our opinion such joinders are permissible since they are in accord with the principles of modern practice, which seek to have all interested parties’ rights settled in one action by a single judgment.
The judgment of the Appellate Division should be affirmed, with costs.
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Van Voorhis and Foster concur.
Judgment affirmed.