■ JOSEPH P. DAY REALTY CORP., as Agent for 3 Cottage Place Associates, Respondent, v AEROXON PRODUCTS, INC., Appellant.—In an action to recover damages for breach of a lease, the defendant appeals from an order of the Supreme Court, Westchester County (Walsh, J.), entered April 12, 1988, which granted the plaintiff's cross motion for summary judgment on the issue of liability and denied the defendant's motion to vacate a note of issue and to compel the examination before trial of a specified corporate officer.

Ordered that the order is affirmed, with costs.

It is well settled that in order to defeat a motion for summary judgment, the opposing party must show facts sufficient to require a trial of any issue of fact by producing evidentiary proof in admissible form (see, Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065). This action was begun by the service of a summons and complaint dated May 30, 1986. The defendant does not deny that it removed from the leased premises without written notice in March 1986 and ceased paying rent from that time on. The lease termination date was October 31, 1991. Instead, the defendant interposed two affirmative defenses and counterclaims. A third counter-

claim was added in an amended answer but was later dropped.

After examinations before trial of officers of the plaintiff and the defendant, the plaintiff filed a note of issue and certificate of readiness dated December 29, 1987. After a pretrial conference, the defendant moved to strike the note of issue and compel the examination before trial of another of the plaintiff's officers. The plaintiff cross-moved for summary judgment. The court denied the defendant's motion and awarded summary judgment to the plaintiff, finding that the evidence presented by the defendant was insufficient to support either its affirmative defenses or its counterclaims and therefore there are no triable issues of fact. We agree.

There was no admissible evidence presented by the defendant in support of its assertions of breach of the covenant of quiet enjoyment or of constructive eviction *(see, Seaboard Realty Co. v Fuller,* 33 Misc 109). While the defendant stated several times that it is in the process of obtaining records and dates, this intent does not establish facts sufficient to defeat a motion for summary judgment. Conclusions and unsubstantiated allegations or assertions are insufficient to demonstrate acceptable excuse for failure to meet the strict requirements of tender of evidence in admissible form *(see, Zuckerman v City of New York,* 49 NY2d 557; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067-1068, *supra).*

The defendant also contends that the court erred in denying that branch of its motion which was to compel the examination before trial of a specified corporate officer. We disagree.

The corporate officer produced was the managing agent of the property and, as revealed in the record, the person most directly in contact with the defendant. He negotiated the lease and was responsible for the daily operation of the subject building. There is no basis in the record for the production of another officer. Thompson, J. P., Lawrence, Kunzeman and Rubin, JJ., concur.