■ LAURISTINE FINCH et al., Respondents, v INCORPORATED VILLAGE OF FREEPORT, Appellant.—In an action, *inter alia,* to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated October 17, 1989, as denied its motion for summary judgment dismissing the complaint, with leave to renew upon the completion of disclosure.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Lauristine Finch allegedly sustained serious physical injury when she fell from her bicycle on a street of the Incorporated Village of Freeport on July 12, 1988. The plaintiffs asserted that the accident was caused by the existence of a defect in the roadway at the subject location. The defendant's claims examiner averred that the Village had not received prior written notice of any defective, dangerous or hazardous condition existing at the accident site. Photographs, submitted by the plaintiffs in opposition to the defendant's motion to dismiss the complaint, indicate that some patchwork was undertaken at the scene of the injured plaintiff's fall at some time prior to the accident.

Significantly, crucial discovery, such as an examination before trial of the defendant's employees, has not been conducted in the instant case. The defendant's motion was clearly premature inasmuch as the plaintiffs have not had the opportunity to conduct disclosure with respect to the defendant's record-keeping practices, which is a matter firmly within the exclusive knowledge of the moving party *(see, Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 262).

Accordingly, the Supreme Court properly denied the defendant's motion, without prejudice to renewal upon completion of disclosure. Thompson, J. P., Kunzeman, Eiber, Rosenblatt and Ritter, JJ., concur.