■ ALEXANDRIA GRAVES, Appellant, v MERCO PROPERTIES, INC., et al., Defendants, and HOTEL OF THE ROCKAWAYS, INC., et al., Respondents. [650 NYS2d 948] —In an action to recover damages for personal injuries, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated October 10, 1991, as denied her motion, *inter alia,* to strike the answer by the defendant Hotel of the Rockaways, Inc., pursuant to CPLR 3126, or to compel the deposition of the defendant Hotel of the Rockaways, Inc., by David Fuld, and for the imposition of monetary sanctions. The appeal brings up for review so much of an order of the same court, dated December 18, 1991, as, upon reargument, adhered to the original determination *(see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated October 10, 1991, is dismissed, as that order was superseded by the order dated December 18, 1991, made upon reargument; and it is further,

Ordered that the order dated December 18, 1991, is modified, by deleting the provision denying the branch of the plaintiff's motion which was to compel the deposition of the defendant Hotel of the Rockaways, Inc., by David Fuld, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as reviewed, and it is further,

Ordered that the plaintiff is awarded one bill of costs; and it is further,

Ordered that the deposition shall be conducted at a time and place to be set in a written notice of not less than 10 days,

to be given to the defendant Hotel of the Rockaways, Inc., by the plaintiff, or at such time and place as the parties may agree.

The plaintiff demonstrated that the witnesses produced by the defendant Hotel of the Rockaways, Inc., did not possess the necessary personal knowledge of the affairs of Hotel of the Rockaways, Inc. Accordingly, the plaintiffs should have been granted an opportunity to conduct a deposition of David Fuld, whom they claimed to be a corporate officer of the defendant Hotels of the Rockaways, Inc. *(see, Silk v City of New York,* 142 AD2d 724; *cf., Day Realty Corp. v Aeroxon Prods.,* 148 AD2d 499).

We have examined the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.