■ HALPERN DEVELOPMENT VENTURE, INC., Respondent, v BOARD OF TRUSTEES OF THE VILLAGE OF NORTH TARRYTOWN et al., Appellants. [635 NYS2d 679] —In an action to recover damages for breach of an agreement, the defendants appeal from stated portions of an order of the Supreme Court, Westchester County (Fredman, J.), entered July 5, 1994, which, *inter alia*, denied, in part, their cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1988, the plaintiff, Halpern Development Venture, Inc., and the defendant, Village of North Tarrytown (hereinafter the Village), entered into an agreement which called for the plaintiff to study and propose a revitalization project for the downtown area (hereinafter the 1988 agreement). The agreement called for the project to be executed in stages with the approval of the Village being necessary for each successive stage. The financial risk and operational burden fell primarily on the plaintiff, and these rights and obligations were to continue up to the point that a Land Disposition Agreement was negotiated and approved by the Village. If a Land Disposition Agreement was approved, additional obligations would then be imposed on both the Village and the plaintiff.

Despite the expenditure of considerable time and expense on

the part of the plaintiff, the Village never approved the Land Disposition Agreement. Thereafter, the plaintiff commenced the instant action against the Village and its Board of Trustees (hereinafter the defendant) to recover damages for the Village's alleged breach of the 1988 agreement. The plaintiff sought discovery of certain material documents to support its claims.

The plaintiff moved to preclude the defendants from presenting evidence at trial based on their failure to respond to various disclosure demands and the defendants cross-moved for summary judgment. The Supreme Court granted the plaintiff's motion to the extent of issuing a conditional order of preclusion, and granted the defendants' motion only to the extent of dismissing the plaintiff's cause of action to recover lost profits and otherwise denied the defendants' motion.

Contrary to the defendants' contention, the agreement signed by the parties in 1988 imposed an implied covenant of good faith and fair dealing (see, Kirke La Shelle Co. v Armstrong Co., 263 NY 79; Goodstein Constr. Corp. v City of New York, 111 AD2d 49, affd 67 NY2d 990; Rochester Park v City of Rochester, 38 Misc 2d 714, affd 19 AD2d 776). The defendants' refusal to cooperate in discovery denied the plaintiff the opportunity to pursue its claims that the defendants had breached the covenant of good faith and fair dealing. Because many of the essential facts of the case were solely within the knowledge of the defendants, the Supreme Court properly denied their motion for summary judgment, made prior to discovery, except to the extent of dismissing the plaintiff's cause of action for lost profits (Plaza Invs. v Kim, 208 AD2d 704; Viti v Franklin Gen. Hosp., 190 AD2d 790; Finch v Incorporated Vil. of Freeport, 173 AD2d 591; cf., Mazzaferro v Barterama Corp., 218 AD2d 643; Frierson v Concourse Plaza Assocs., 189 AD2d 609). Rosenblatt, J. P., Copertino, Friedmann and Krausman, JJ., concur.