■ VALERIE URCAN et al., Respondents, v JOHN COCARELLI, SR., et al., Appellants. [651 NYS2d 611] —In a negligence action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), dated November 30, 1995, as denied their motion for summary judgment dismissing the complaint insofar as asserted against the defendant John Cocarelli, Sr., pending "completion of disclosure".

Ordered that so much of the appeal as is asserted on behalf of John Cocarelli, Sr., as parent and natural guardian of John Cocarelli, Jr., is dismissed, since he is not aggrieved thereby (*see*, CPLR 5517); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant John Cocarelli, Sr., personally; and it is further,

Ordered that the plaintiffs are awarded one bill of costs, payable by the defendant John Cocarelli, Sr.

The plaintiffs alleged that the defendant John Cocarelli, Sr., was negligent in the supervision of his son, John Cocarelli, Jr., and that as a result, the infant plaintiff was caused to sustain serious physical and psychological injuries. After issue was joined, a preliminary conference was held and depositions were scheduled for October 11, 1995. However, by notice of motion dated October 5, 1995, the defendants moved for summary judgment dismissing the complaint for failure to set forth a prima facie case.

A party should be permitted a reasonable opportunity for disclosure prior to the determination of a motion for summary judgment (*see, Baron v Incorporated Vil. of Freeport*, 143 AD2d 792). When it appears that facts supporting the position of the party opposing summary judgment exist but cannot be stated, the court may deny the motion or order a continuance to permit disclosure to be had (CPLR 3212 [f]). We agree with the Supreme Court that a proper determination of the defendants'

motion must await completion of disclosure. Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.