■ GENERAL ELECTRIC CAPITAL AUTO LEASE, INC., Respondent, v PETER STEPHENS, Appellant. [670 NYS2d 582] —In an action to recover payments due under an automobile lease, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated May 19, 1997, as granted the plaintiff's motion for summary judgment in its favor and against him in the principal sum of $19,351.51.

Ordered that the order is reversed insofar as appealed from, with costs, and the motion for summary judgment is denied.

The defendant leased an automobile from the plaintiff's assignor. Under the terms of the lease he was responsible for insuring the vehicle. Accordingly, he obtained primary insurance from the Allstate Insurance Company (hereinafter Allstate) and additional insurance from the plaintiff to cover the difference between the amount required to pay the remaining balance due under the lease and the amount received from other insurance in the event the vehicle was destroyed or stolen and not recovered.

While the defendant was using the vehicle on a trip to Arizona, the car was stolen and never recovered. He made a claim for the loss under the Allstate policy but the latter disclaimed on the ground of the defendant's alleged noncooperation. There is an action pending between the defendant and Allstate to recover the proceeds of that policy.

After the car was stolen, the defendant stopped making payments under the lease and the plaintiff sued to recover the balance due. The plaintiff then moved for summary judgment which the defendant opposed, *inter alia,* on the ground that he was entitled to discovery of the terms of the policy of additional insurance which might have afforded him coverage in the circumstances at bar.

A party should be permitted a reasonable opportunity for discovery prior to the determination of a motion for summary judgment (*see, Urcan v Cocarelli,* 234 AD2d 537; *Baron v Incorporated Vil. of Freeport,* 143 AD2d 792). On this record, without the discovery requested by the defendant, the terms and effect of the additional insurance policy cannot be determined. Accordingly, the plaintiff's motion for summary judgment should have been denied. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.