■ BARTOLO CRESPO et al., Appellants, et al., Plaintiffs, v JOEL BAKKEN, Also Known as EDWARD BAKKIN, et al., Defendants, and BIG "R" WAREHOUSE, Doing Business as BIG "R" FOOD WAREHOUSE, INC., Respondent. [681 NYS2d 566] —In an action to recover damages for personal injuries, etc., the plaintiffs Bartolo Crespo and Evelyn Roldan appeal from (1) an order of the Supreme Court, Kings County (Garson, J.), dated October 8, 1997, which granted the motion of the defendant Big "R" Warehouse, d/b/a Big "R" Food Warehouse, Inc., for summary judgment dismissing the complaint insofar as asserted against it and denied their cross motion for further discovery, and (2) a judgment of the same court, entered October 31, 1997, which dismissed the complaint insofar as asserted against the defendant Big "R" Warehouse, d/b/a Big "R" Food Warehouse, Inc.

Ordered that the appeal by the plaintiff Evelyn Roldan is dismissed, without cost or disbursements, as her claim was voluntarily discontinued by stipulation; and it is further,

Ordered that the appeal by the plaintiff Bartolo Crespo from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from by the plaintiff Bartolo Crespo, the branch of the motion of the defendant Big "R" Warehouse, d/b/a Big "R" Food Warehouse, Inc., which was for summary judgment dismissing the causes of action asserted on behalf of the plaintiff Bartolo Crespo is denied, those causes of action are reinstated, the plaintiff Bartolo Crespo's cross motion for discovery is granted to the extent that the defendant Big "R" Warehouse, d/b/a Big

"R" Food Warehouse, Inc., is directed to provide the names and addresses of the security guards on duty on the date of the incident, and so much of the order dated October 8, 1998, as granted summary judgment against the plaintiff Bartolo Crespo and denied his cross motion is vacated; and it is further,

Ordered that the time of the defendant Big "R" Warehouse, d/b/a Big "R" Food Warehouse, Inc., to provide the requested discovery of the names and addresses of the security guards on duty on the date of the incident is extended until 30 days after the service upon it of a copy of this decision and order with notice of entry, and it is further,

Ordered that the plaintiff Bartolo Crespo is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The plaintiff Bartolo Crespo was brutally assaulted by several individuals in the parking lot of a supermarket owned by the defendant Big "R" Warehouse, d/b/a Big "R" Food Warehouse, Inc. (hereinafter Big "R" Warehouse). At his examination before trial, the security supervisor for Big "R" Warehouse testified that two of its security guards were on duty on the date of the incident. The plaintiff requested the names of the security guards for the purpose of conducting further depositions, but the information was never provided. The Supreme Court subsequently granted summary judgment in favor of Big "R" Warehouse and denied the plaintiff's cross motion for further discovery.

The Supreme Court erred in granting that branch of the motion of Big "R" Warehouse which was for summary judgment dismissing the causes of action asserted on behalf of the plaintiff Bartolo Crespo, since there are factual issues as to whether any of the individuals who assaulted the plaintiff Bartolo Crespo were its employees. The failure of Big "R" Warehouse to furnish the names of the security guards on duty on the date of the incident, information solely within that defendant's knowledge (see, Firesearch Corp. v Micro Computer Controls Corp., 240 AD2d 365; Urcan v Cocarelli, 234 AD2d 537; Halpern Dev. Venture v Board of Trustees, 222 AD2d 652, 653), denied the plaintiff Bartolo Crespo the opportunity to pursue his claim that one or more of his assailants were its employees. Accordingly, Big "R" Warehouse is directed to

provide the names and addresses of the security guards on duty on the date of the incident. Rosenblatt, J. P., Miller, Altman and Friedmann, JJ., concur.