■ RADON CONSTRUCTION CORP., Respondent-Appellant, v ALCON CONSTRUCTION CORP., Defendant, and TOWN OF HEMPSTEAD, Appellant-Respondent. [716 NYS2d 879] —In an action, *inter alia,* to recover damages for breach of contract, the defendant Town of Hempstead appeals from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated July 22, 1999, as denied its separate motions for leave to amend its answer and for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-appeals from so much of the same order as denied its motion to compel disclosure from the defendant Town of Hempstead.

Ordered that the order is modified, by deleting the provision thereof denying the motion to compel disclosure and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff payable by the Town of Hempstead.

The Supreme Court properly determined that the action against the Town of Hempstead is based on contract (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 390), and properly denied the Town's motion for leave to amend its answer to include the affirmative defense of the Statute of Limitations for negligence claims (*see,* Town Law § 67). Furthermore, the Town failed to establish its entitlement to judgment as a matter of law since an issue of fact exists as to when the plaintiff's cause of action accrued. Accordingly, the Supreme Court properly denied the Town's motion for summary judgment.

The Supreme Court, however, improperly denied the plaintiff's motion to compel a Town official to appear for a deposition. The plaintiff established that the witnesses produced by the Town were insufficient to provide testimonial and documentary evidence that is "material and necessary" to the prosecution of its action, as provided in CPLR 3101 (a). Moreover, the plaintiff established a substantial likelihood that the Town official it seeks to depose has knowledge of material issues (*see,*

*Simon v Advance Equip. Co.,* 126 AD2d 632). Santucci, J. P., Sullivan, Friedmann and Smith, JJ., concur.