■ Lirije Juseinoski et al., Plaintiffs, v New York Hospital Medical Center of Queens et al., Defendants and Third-Party Plaintiffs-Appellants. Office of Chief Medical Examiner of the City of New York et al., Third-Party Defendants-Respondents. [815 NYS2d 183]—

In an action, inter alia, to recover damages for emotional distress arising from the performance of an autopsy, the defendants third-party plaintiffs appeal from an order of the

Supreme Court, Kings County (Martin, J.), dated October 27, 2005, which denied their motion for further discovery and granted the cross motion of the third-party defendants for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, and the cross motion is denied as premature.

In *Juseinoski v New York Hosp. Med. Ctr. of Queens* (18 AD3d 713 [2005]), this Court determined that the cross motion for summary judgment of the third-party defendants, Office of Chief Medical Examiner of the City of New York, Department of Health of the City of New York, and City of New York (hereinafter collectively the City), should have been denied as premature on the ground that the City failed to comply with discovery directed in a preliminary conference order. In so holding, we noted that "the body was released to the Medical Examiner at around 7:00 A.M. and the autopsy was not performed until 2:00 P.M. There are outstanding questions as to what occurred in those intervening hours which are uniquely within the knowledge of the Medical Examiner" (*id.* at 715).

CPLR 3212 (f) permits a party opposing summary judgment to obtain further discovery when it appears that facts supporting the position of the opposing party exist but cannot be stated (*see Urcan v Cocarelli,* 234 AD2d 537 [1996]). Under CPLR 3212 (f), "where facts essential to justify opposition to a motion for summary judgment are exclusively within the knowledge and control of the movant, summary judgment may be denied . . . . This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion" (*Baron v Incorporated Vil. of Freeport,* 143 AD2d 792, 792-793 [1988]; *see Urcan v Cocarelli, supra; Halpern Dev. Venture v Board of Trustees of Vil. of N. Tarrytown,* 222 AD2d 652 [1995]).

The third-party plaintiff New York Hospital Medical Center of Queens (hereinafter the Hospital) provided a proper evidentiary basis supporting its request for further discovery (*see Ruttura & Sons Constr. Co. v Petrocelli Constr.,* 257 AD2d 614, 615 [1999]). Furthermore, the Hospital established that it had not yet received an adequate opportunity to conduct discovery into several relevant issues, certain of which are exclusively within the knowledge of the third-party defendants (*see* CPLR 3212 [f]; *Firesearch Corp. v Micro Computer Controls Corp.,* 240 AD2d 365, 366 [1997]; *Urcan v Cocarelli, supra; Halpern Dev. Venture v Board of Trustees of Vil. of N. Tarrytown, supra; Baron v Incorporated Vil. of Freeport, supra*). For example, the Hospital

is entitled to some account of why, when confronted with a death that appeared at first blush to result purely from natural causes, the City nevertheless made the decision to proceed with an autopsy (*see Brown v Broome County*, 8 NY2d 330 [1960]). Because information that would illuminate this issue is solely within the City's possession, the Hospital is entitled to take the deposition of the person who undertook, or was supposed to undertake, the investigation pursuant to Administrative Code of the City of New York § 17-203 before permitting the autopsy (*see Radon Constr. Corp. v Alcon Constr. Corp.*, 277 AD2d 368 [2000]; *Graves v Merco Props.*, 199 AD2d 240 [1993]; *Bigman* v *Dime Sav. Bank of N.Y., FSB*, 153 AD2d 912 [1989]; *Simon v Advance Equip. Co.*, 126 AD2d 632 [1987]). Accordingly, the Supreme Court should have denied the City's cross motion for summary judgment as premature. Miller, J.P., Luciano, Lifson and Covello, JJ., concur.