■ CYNTHIA NELSON, Appellant, v BESTWAY COACH EXPRESS et al., Respondents. [828 NYS2d 340]—

Order, Supreme Court, Bronx County (Lucy Billings, J.), entered August 16, 2005, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff was injured on June 15, 2003 when, while riding as a passenger in upstate New York on one of defendant bus company's vehicles driven by codefendant employee Piedecasas, the bus collided with a deer. According to Piedecasas, he saw the deer in time to reduce speed to five miles per hour, but it unexpectedly lunged into the windshield of the bus. When this action reached the discovery phase, Piedecasas's deposition was postponed twice, at defense counsel's request, and rescheduled for the morning of January 6, 2005. Plaintiff had been deposed a week earlier and only three weeks had passed since the original deposition date for all parties. On that morning, plaintiff's counsel requested a postponement to 2:00 P.M. that afternoon due to a family emergency. He was told that Piedecasas would be leaving the country shortly and was unwilling to wait. When he arrived at the deposition at 2:00 P.M., Piedecasas had left and defense counsel had placed a statement on the record that he had been advised that plaintiff's counsel would not be appearing and that defense counsel deemed plaintiff to have waived her appearance at the deposition. Moreover, Piedecasas left an affidavit stating what his deposition testimony would have been, i.e., in addition to the facts already recited, that he had been operating his vehicle "in a safe and careful manner within the posted speed limits," and that his actions were careful, reasonable and prudent when the emergency situation developed.

Under these circumstances, the motion court erred in granting summary judgment. Since the motion was made shortly after Piedecasas absented himself from the deposition, it should have been denied (*see Colicchio v Port Auth. of N.Y. & N.J.*, 246 AD2d 464 [1998]). Plaintiff was entitled to at least an initial opportunity to develop the record regarding the factual basis of defendants' reliance on the emergency doctrine, the applicability of which is generally an issue of fact (*see Rosa v Colonial Tr.*, 276 AD2d 781 [2000]). Furthermore, the defense's conduct in

depriving plaintiff of such opportunity smacked of unfairness. Finally, on the record before us, it appears that plaintiff has a reasonable excuse for her inability to carry her burden on summary judgment in that "facts essential to justify opposition may exist but cannot [now] be stated" (CPLR 3212 [f]). Plaintiff's opposing papers demonstrate that Piedecasas's conclusory, self-serving affidavit leaves numerous factual questions unanswered that—but for the conduct of the defense—would have been addressed at the deposition. Concur—Andrias, J.P., Saxe, Marlow, Nardelli and Williams, JJ.