■ CELINA BANKS et al., Appellants, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent, et al., Defendants. [832 NYS2d 812]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Mega, J.), dated February 9, 2006, which granted the motion of the defendant New York City Department of Education to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7) or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, that branch of the respondent's motion which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7) is denied, and that branch of the respondent's motion which was for summary judgment dismissing the complaint insofar as asserted against it is denied as premature.

CPLR 3212 (f) permits a party opposing a summary judgment motion to obtain discovery when it appears that facts supporting the position of the nonmoving party exist but cannot be stated because they are exclusively within the knowledge and control of the moving party (*see Juseinoski v New York Hosp. Med. Ctr. of Queens*, 29 AD3d 636 [2006]; *Urcan v Cocarelli*, 234 AD2d 537 [1996]). This is particularly relevant when the opposing party has not had a reasonable opportunity to develop the record through discovery (*see Baron v Incorporated Vil. of Freeport*, 143 AD2d 792 [1988]). In their opposing papers, the plaintiffs established that they had not yet had an opportunity to conduct discovery into the issue of whether the New York City Department of Education (hereinafter the DOE), with the New York City Transit Authority, undertook to provide transportation to the students of William A. Morris Intermediate School 61. Since the information that would clarify this issue is solely within the possession of the DOE and the New York City Transit Authority, the plaintiffs were entitled to discovery on this essential issue of fact (*see* CPLR 3212 [f]). Accordingly, the Supreme Court should have denied, as premature, that branch of the DOE's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Furthermore, there is no merit to the branch of the DOE's motion which was to dismiss the complaint for failure to state a cause of action (*see generally Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664 [1999]; *Mirand v City of New York,* 84 NY2d 44 [1994]). Crane, J.P., Krausman, Goldstein and Dillon, JJ., concur.