■ Albert Sorbello, Appellant, v Birchez Associates, LLC, Respondent, et al., Defendant. [876 NYS2d 789]—

Malone Jr., J. Appeal from an order of the Supreme Court (Lynch, J.), entered April 18, 2008 in Ulster County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff and defendant Birchez Associates, LLC each claim ownership to a tract of land known as Hildebrant Lane located in the Town of Esopus, Ulster County, which abuts their respective properties and contains a private road leading to a public thoroughfare known as River Road. Plaintiff commenced this action pursuant to RPAPL article 15 to quiet title to said property alleging that he acquired title by deed and by adverse possession. Following service of an answer by Birchez and one of its principals, defendant Steve Aaron, defendants moved for summary judgment dismissing the complaint on the ground, among others, that plaintiff failed to name as parties to the ac-

tion property owners whose land abuts the disputed parcel. Plaintiff, in turn, cross-moved for summary judgment on his adverse possession claim. Supreme Court, among other things, granted defendants' motion and dismissed the complaint, without prejudice, for failure to join necessary parties.[1] This appeal by plaintiff ensued.

RPAPL 1511 (2) provides that, in an action such as this, "[w]here it appears to the court that a person not a party to the action may have an estate or interest in the real property which may in any manner be affected by the judgment, the court, upon application of such person, or of any party to the action, or on its own motion, may direct that such person be made a party." Necessary parties are "[p]ersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action" (CPLR 1001 [a]). Here, the record discloses that there are two individuals who own property that abuts Hildebrant Lane and who could be adversely affected by the outcome of plaintiff's action, particularly if they had a right to use the private road on the property and this changed as a result of the litigation. In view of this, such individuals are necessary parties to the action. However, rather than dismissing the complaint for the failure to name them, Supreme Court should have directed plaintiff to join them in the present action (*see Dunkin Donuts of N.Y., Inc. v Mid-Valley Oil Co., Inc.*, 14 AD3d 590, 592 [2005]). Inasmuch as we find this to be the appropriate remedy in the situation at hand, the complaint is reinstated and plaintiff is directed to amend it to add the abutting property owners as defendants in the action.

Turning to plaintiff's adverse possession claim, in order to prevail, he must demonstrate that his possession of the disputed parcel was (1) hostile and under claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the required period of 10 years (*see Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *see also* RPAPL 521).[2] Upon reviewing the record, we find that plaintiff's cross motion for summary judgment on this claim is premature. While plaintiff and his wife provided affidavits detailing the activities that plaintiff allegedly undertook concerning the disputed parcel dating back to 1973, when he claims to have acquired title to it, there are inconsistencies be-

---

1. Upon the consent of the parties, Supreme Court also dismissed the complaint against Aaron.

2. We note that the adverse possession law in New York was amended on July 7, 2008, subsequent to the commencement of this action (*see* L 2008, ch 269).

tween plaintiff's affidavit and his response to the interrogatories served by defendants prior to the cross motion. In addition, it appears that, although plaintiff's deposition was previously scheduled, neither it nor the depositions of other parties, including those to be joined as necessary parties, have yet been conducted. Further discovery is necessary in order to more fully develop the record and resolve the factual inconsistencies pertaining to plaintiff's adverse possession claim (see Banks v New York City Dept. of Educ., 39 AD3d 787, 787 [2007]; Nelson v Bestway Coach Express, 36 AD3d 488, 488-489 [2007]; Silver Dollar Shows v Town of Huntington, 152 AD2d 558 [1989]). This is especially the case where, as here, the facts necessary to successfully oppose the cross motion may exist but cannot be stated (see CPLR 3212 [f]; Juseinoski v New York Hosp. Med. Ctr. of Queens, 29 AD3d 636, 637 [2006]). Accordingly, plaintiff is not entitled to summary judgment on his cross motion.

Cardona, P.J., Mercure, Rose and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' motion for summary judgment; motion denied and plaintiff is directed to amend the complaint by adding the abutting property owners, Joan Geraci and David Kren, as defendants in the action, with all further proceedings in the action stayed until such joinder has been accomplished; and, as so modified, affirmed.