■ MARIA CLARA RODRIGUEZ, Respondent, v COUNTY OF WEST-CHESTER et al., Defendants, and BETTER HOMES & GARDENS RAND REALTY, Appellant. (And Third-Party Actions.) [993 NYS2d 52]—

In an action to recover damages for personal injuries, the defendant Better Homes & Gardens Rand Realty appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), dated December 17, 2012, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when she fell while walking on a sidewalk near her home on the day after a snowfall. The portion of the sidewalk on which the plaintiff fell had not been shoveled or treated with sand or salt and was located in front of property owned by the defendant Fannie Mae (hereinafter Fannie Mae). The defendant Better Homes & Gardens Rand Realty (hereinafter Better Homes) was retained as the listing broker for the property. Pursuant to an assignment agreement, Better Homes was required to notify nonparty contractor Safeguard when snow removal was needed at the property.

The Supreme Court did not err in denying that branch of Better Homes's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Its motion for summary judgment was premature, as depositions were not yet complete (see Wesolowski v St. Francis Hosp., 108 AD3d 525, 526-527 [2013]; Juseinoski v New York Hosp. Med. Ctr. of Queens, 29 AD3d 636, 637-638 [2006]).

In any event, although Better Homes made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that the plaintiff was not a party to the assignment agreement between the defendant Fannie Mae and Better Homes, and therefore, Better Homes, the listing broker, owed no duty of care to her (see Javid v Sclafmore Constr., 117 AD3d 907 [2014]; Rudloff v Woodland Pond Condominium Assn., 109 AD3d 810, 811 [2013]; Knox v Sodexho Am., LLC, 93 AD3d 642, 643 [2012]), in opposition, the plaintiff raised a triable issue of fact as to whether the assignment agreement constituted a

comprehensive and exclusive maintenance obligation that entirely displaced Fannie Mae's duty to maintain the premises in a safe condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141 [2002]; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588 [1994]). Rivera, J.P., Sgroi, Cohen and Barros, JJ., concur.