L&M Group, Ltd. v Lipsitz (2020 NY Slip Op 07791)





L&M Group, Ltd. v Lipsitz


2020 NY Slip Op 07791


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.


1120 CA 19-02024

[*1]L & M GROUP, LIMITED, JOSEPH LIPSITZ AND MAX LIPSITZ, PLAINTIFFS-APPELLANTS,
v
AMY LIPSITZ, DEFENDANT-RESPONDENT. 






LIPPES MATHIAS WEXLER FRIEDMAN LLP, BUFFALO (VINCENT MIRANDA OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
PHILLIPS LYTLE LLP, BUFFALO (AMANDA L. LOWE OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered October 24, 2019. The order, insofar as appealed from, granted that part of the motion of defendant seeking summary judgment dismissing the complaint. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, that part of the motion seeking summary judgment dismissing the complaint is denied, and the complaint is reinstated.
Memorandum: Plaintiffs commenced this breach of contract action alleging, inter alia, that defendant violated the non-solicitation and non-disparagement provisions of a purchase and separation agreement and general release, whereby defendant agreed to sell her book of business with respect to plaintiff L & M Group, Limited. Six months after the action was commenced and while plaintiffs' discovery demands and motions to compel discovery were pending, defendant moved for, among other things, summary judgment dismissing the complaint. Plaintiffs now appeal from an order insofar as it granted the motion to that extent. We reverse the order insofar as appealed from.
We agree with plaintiffs that the motion to the extent that it sought summary judgment dismissing the complaint is "premature because there has been no reasonable opportunity for discovery" (Hager v Denny's, Inc., 281 AD2d 921, 921 [4th Dept 2001]; see Urcan v Cocarelli, 234 AD2d 537, 537 [2d Dept 1996]). In opposing defendant's motion as premature pursuant to CPLR 3212 (f), plaintiffs "made the requisite evidentiary showing to support the conclusion that facts essential to justify opposition may exist but could not then be stated" (Beck v City of Niagara Falls, 169 AD3d 1528, 1529 [4th Dept 2019], amended on rearg on other grounds 171 AD3d 1573 [4th Dept 2019]).
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court