**Gulf Harbour Invs. Corp. v Foox**

2024 NY Slip Op 33421(U)

September 30, 2024

Supreme Court, Richmond County

Docket Number: Index No. 135020/2021

Judge: Desmond A. Green

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

-----------------------------------------------------------------------------X

GULF HARBOUR INVESTMENTS CORPORATION,

Plaintiffs,

- against -

AVI FOOX, RAB PERFORMANCE RECOVERIES LLC,
AMERICAN EXPRESS CENTURION BANK, UNIFUND CCR
PARTNERS, JOHN DOE #1 THROUGH #6, AND JANE DOE #1
THROUGH #6, the last twelve names being fictitious, it being the
intention of Plaintiff to designate any and all occupants, tenants,
persons or corporations, if any, having or claiming an interest in or
lien upon the premises being foreclosed herein,

Defendants.

-----------------------------------------------------------------------------X

Present:
**Hon. Desmond A. Green**

Index No.: 135020/2021

**DECISION AND ORDER**

Motion Seq. Nos. 002 and 003

The Court considered the following papers associated with motion sequence numbers 002 and 003, submitted on June 28, 2024:

NYSCEF Document #:

**Notice of Motion (002) for an Order Compelling Plaintiff to Comply with its Discovery Obligations under CPLR §§3101, 3120, and 3133, and for Sanctions under CPLR §3126 and 22 NYCRR §130-1.1**
By Defendant AVI FOOX, with Supporting Papers and Exhibits
(Dated May 16, 2023)......................................................................................48-54

**Notice of Cross-Motion (003) for an Order Dismissing and/or Striking Defendant Foox's Answer and Counterclaims, Granting Summary Judgment and an Order of Reference in Plaintiff's Favor, Granting Permission to Treat Defendant Foox's Answer as a Limited Notice of Appearance, Amending the Caption, Appointing a Referee to Determine the Amount Due to Plaintiff and Whether the Premises Being Foreclosed Can Be Sold in Parcels, Deeming All Non-Appearing and Non-Answering Party Defendants in Default and Same to Be Fixed and Determined**
By Plaintiff GULF HARBOUR INVESTMENTS CORPORATION, with Supporting Papers and Exhibits, and Opposition Papers to Defendant's Motion
(Dated September 11, 2023)............................................................................56-71

**Affirmation in Opposition to Cross-Motion and In Further Support of Motion to Compel and for Sanctions**
By Defendant AVI FOOX, with Supporting Papers and Exhibits
(Dated February 24, 2024)..............................................................................74-95

**Reply Memorandum of Law in Further Support of Cross-Motion for Summary Judgment**
By Plaintiff GULF HARBOUR INVESTMENTS CORPORATION
(Dated April 16, 2024)....................................................................................98

Page 1 of 8

In this residential foreclosure action, defendant AVI FOOX, (hereinafter "FOOX"), moves for an order pursuant to CPLR §§3124 and 3126, compelling the plaintiff, GULF HARBOUR INVESTMENTS CORPORATION, (hereinafter "GULF HARBOUR") to comply with its discovery obligations under CPLR §§3101, 3120, and 3133, for sanctions pursuant to CPLR §3126 and 22 NYCRR §130-1.1, and for such other and further relief as this court deems just and proper.

Plaintiff GULF HARBOUR opposes FOOX's motion and cross-moves for an order dismissing and/or striking defendant's answer with counterclaims, granting summary judgment and an order of reference in its favor, granting permission to treat defendant FOOX's answer as a limited notice of appearance, amending the caption, appointing a referee to determine the amount due to plaintiff and whether the premises being foreclosed can be sold in parcels, deeming all non-appearing and non-answering party defendants in default and same to be fixed and determined, and granting such other and further relief as this court deems just and proper.

Defendant FOOX opposes plaintiff's cross-motion and replies to GULF HARBOUR's opposition to its motion. GULF HARBOUR replies.

Upon the foregoing papers, defendant FOOX's motion is granted in part, and plaintiff's cross-motion is hereby denied without prejudice and with leave to renew.

The court's decision is outlined below.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 21, 2005, AVI FOOX signed a note for a loan in the amount of $81,000.00 with interest thereon, secured by the real property known as 58 Darcey Avenue, Staten Island, New York 10314, and same was delivered to E-Loan, Inc. FOOX, moreover, executed and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for E-Loan, Inc., a mortgage with the promise to repay the principal and interest under the note and to fulfill other payment obligations. The mortgage was signed on September 22, 2005, and recorded with the Richmond County Clerk on December 21, 2005.

By Assignment of Mortgage dated July 20, 2011, and recorded by the Richmond County Clerk on August 1, 2011, MERS assigned the mortgage to E*Trade. The mortgage was further assigned from

Page **2** of **8**

[* 2]

E*Trade Bank to GULF HARBOUR by an assignment of mortgage dated February 28, 2019, and recorded in the Office of the Richmond County Clerk on March 20, 2019. Plaintiff avers that it took possession of the original note on November 15, 2018, had physical possession of it at the time the Complaint was filed on May 25, 2021, and continues to have the note in its possession.

Plaintiff GULF HARBOUR commenced the instant foreclosure action on May 25, 2021, via the filing of a summons and complaint along with a notice of pendency and certificate of merit, alleging *inter alia* that Defendant FOOX is in default for having failed to make the May 30, 2015 payment due under the note, has thereafter failed to make payments bringing the subject loan current, and the entire loan balance is now due and owing (see NYSCEF Doc. Nos. 1-3). Defendant FOOX, through his former attorney, William J. O'Neill, Esq., served an answer with affirmative defenses on June 15, 2021 (see NYSCEF Doc. No. 7).

FOOX maintains that he did not receive any statements or other correspondence concerning the subject junior mortgage since 2009, which, by its terms, had matured in October 2020. As such, he believed that the loan had been forgiven and characterizes this action as a "zombie second mortgage" foreclosure.

Mandatory settlement conferences were conducted pursuant to CPLR Rule 3408 on February 1, 2022, April 14, 2022, June 9, 2022, and July 7, 2022, after which the matter was released, and the plaintiff was permitted to proceed with the action.

By Order dated February 1, 2023, defendant FOOX was granted leave to serve and file an amended answer and to compel Plaintiff to accept such answer (see NYSCEF Doc. No. 44). On February 3, 2023, FOOX filed a verified amended answer with affirmative defenses and counterclaims by his current counsel, Staten Island Legal Services, including *inter alia* lack of standing, failure to provide proper notice of default, and failure to provide proper notice pursuant to RPAPL 1304 and RPAPL 1306 (see NYSCEF Doc. No. 46).

Now, by motion seq. 002, dated May 16, 2023, (see NYSCEF Doc. No. 48) defendant FOOX moves for an order pursuant to CPLR §§3124 and 3126, compelling the plaintiff, GULF HARBOUR, to

[* 3]

comply with its discovery obligations under CPLR §§3101, 3120, and 3133, and for sanctions pursuant to CPLR §3126 and 22 NYCRR §130-1.1.

Plaintiff GULF HARBOUR both opposes defendant FOOX's motion and cross moves (see NYSCEF Doc. No. 56) for an order dismissing and/or striking defendant FOOX's answer and counterclaims, granting summary judgment and an order of reference in plaintiff's favor, granting permission to treat defendant FOOX's answer as a limited notice of appearance, amending the caption, appointing a referee to determine the amount due to plaintiff and whether the premises being foreclosed can be sold in parcels, and deeming all non-appearing and non-answering party defendants in default and said default to be fixed and determined.

Defendant FOOX opposes plaintiff's cross-motion, essentially contending that, contrary to plaintiff's representation, GULF HARBOUR has not complied with its discovery obligations, plaintiff's summary judgment motion is premature, and, furthermore, the plaintiff has defaulted in replying to the counterclaims thereby precluding said party from moving for summary judgment on the counterclaims.

## DISCUSSION

In first addressing defendant FOOX's motion (seq. no. 002) seeking an order compelling GULF HARBOUR's compliance with its discovery obligations, the court notes that since its filing on May 16, 2023, the plaintiff served responses to the Defendant's First Set of Interrogatories and Document Requests (hereinafter referred to as the "discovery requests") dated March 7, 2023, on August 8, 2023 and August 2, 2023, respectively. However, finding GULF HARBOUR's discovery response to be "utterly lacking in substantive content" and averring that it "cannot be considered a good-faith response," FOOX's counsel, via written correspondence dated September 12, 2023, requested that plaintiff cure the deficiencies and complete the production of demanded discovery (see NYSCEF Doc. No. 80). Notwithstanding the defendant's detailed letter outlining the defects in its discovery response, the plaintiff has failed to cure same to date.

According to the record, in September 2005, defendant FOOX took out the loan that is the subject of this foreclosure action -- a subordinate mortgage loan from E-Loan, Inc. This second mortgage was

secured by the real property known as 58 Darcey Avenue, Staten Island, New York. It is FOOX's contention that "in or around 2007, 2008, or 2009, [he] stopped receiving periodic statements from the servicer of the subject loan," and "from the time [he] stopped receiving statements until the time this action was commenced, [he] did not receive any communication from any entity regarding the subject loan" (NYSCEF Doc. No. 75). The defendant further maintains that based upon the protracted amount of time that had elapsed without any attempts to collect on the mortgage or enforce it against the collateral before being sued herein, he believed the loan had been forgiven and/or discharged or folded into a modification of his primary mortgage. FOOX avers that he assumed the subject loan had long ago been written off (see NYSCEF Doc. No. 75).

After amending his timely answer with leave of the court, the defendant interposed several affirmative defenses and counterclaims, and thereafter served discovery requests upon GULF HARBOUR "seeking matter material and necessary to his defenses and counterclaims." In his detailed recitation of deficiencies in GULF HARBOUR's discovery response, FOOX's counsel delineates and identifies with specificity what outstanding discovery items are sought *to wit* a copy of the debt purchase contract for the subject mortgage and/or the subject note; a copy of any servicing or sub-servicing agreements, inclusive of any exhibits it references; a privilege log; and all documents in plaintiff's possession pertaining to the subject note and mortgage or to the defendant, including a complete life-of-loan payment history and list of numeric or alpha-numeric codes contained therein, if any, with a brief description of each. Similarly, FOOX's counsel further submits that GULF HARBOUR's response to interrogatories is utterly lacking in substantive content and provides a descriptive explanation of its flaws and shortcomings. (See NYSCEF Doc. No. 80).

CPLR 3101 provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by...a party, or the officer, director, member, agent or employee of a party" (CPLR 3101[a][1]). Pursuant to CPLR 3124, "[i]f a person fails to respond to or comply with any request, notice, interrogatory, demand, questions or order...the party seeking disclosure may move to compel compliance or a response." (See CPLR 3124).

To prevail on its motion, the defendant is required to "satisfy the threshold requirement of demonstrating that the disclosure sought is 'material and necessary' to his affirmative defenses" (*U.S. Bank N.A. v. Ventura,* 130 AD3d 919 [2d Dept 2015]; see *Deutsche Bank Natl. Trust Co. v. Brewton,* 142 AD3d 683 [2d Dept 2016]). "The phrase 'material and necessary' should be 'interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity. The test is one of usefulness and reason" (*Friel v. Papa,* 56 AD3d 607 [2d Dept 2008] (quoting *Allen v. Crowell-Collier Publ. Co.,* 21 NY2d 403 [1968])). "'[I]f there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or in rebuttal…, it should be considered 'evidence material […] in the prosecution or defense'" (see *Allen,* 21 NY2d at 407).

Here, FOOX contends that the documents and interrogatories at issue are "material and necessary" to substantiate his affirmative defenses and counterclaims. The court finds there is merit to this contention, particularly to the extent that it pertains to the production of all documents in GULF HARBOUR's possession referable to the subject note and mortgage, including a complete life-of-loan payment history, and information ascribable to the transaction in which GULF HARBOUR acquired an interest in the subject mortgage and/or note. It is further this court's determination that the defendant's discovery demands and interrogatories were neither overbroad nor burdensome and did not seek irrelevant or confidential information, particularly given the defendant's assertion that *inter alia* "the servicing notes Plaintiff has produced are inconsistent with Plaintiff's claim regarding the date of default" (see Affidavit of Cynthia Wallace, NYSCEF Doc. No 68, ¶8). The defendant's demands are found to have been made in good faith, seeking discoverable information that is material and necessary to the defense of the action and prosecution of FOOX's counterclaims. They specified with reasonable particularity the documents demanded.

As "the supervision of discovery, and the setting of reasonable terms and conditions for disclosure, are matters within the sound discretion of the trial court," it is hereby ordered that GULF HARBOUR respond to and comply with FOOX's discovery demands and address the deficiencies delineated within Mr.

[* 6]

Tillona's letter dated September 12, 2023 (see NYSCEF Doc. No. 80). *Espinoza v. Tejeda*, 228 AD3d 623 (2d Dept 2024).

With respect to GULF HARBOUR's cross-motion for summary judgment, it is this court's determination that, as provided by CPLR 3212(f), since it appears "facts essential to justify opposition may exist but cannot be stated," on account of plaintiff's failure to comply with its discovery obligations, said motion is denied without prejudice and with leave to renew. *Schlichtling v. Elliquence Realty, LLC*, 116 AD3d 689 (2d Dept 2014) (quoting *In Re Fasciglione*, 73 AD3d 769 (2d Dept 2010). Contrary to plaintiff's contention, discovery has not been completed as evidenced by FOOX's showing advanced via Mr. Tillona's letter and the plaintiff's failure to demonstrate the contrary.

"Under CPLR 3212(f), 'where facts essential to justify opposition to a motion for summary judgment are exclusively within the knowledge and control of the movant, summary judgment may be denied...This is especially so where the opposing party has not had a reasonable opportunity for disclosure prior to the making of the motion.'" *Juseinoski v. NY Hosp. Med. Ctr. of Queens*, 29 AD3d 636 (2d Dept 2006); *Baron v. Incororated Vil. Of Freeport*, 143 AD2d 792 (2d Dept 1988). "A party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment." *Mottley v. Walker*, 126 AD3d 955 (2d Dept 2015).

Upon due consideration, the Court finds any remaining contentions of the parties to be moot and/or unavailing.

Accordingly, it is hereby,

ORDERED, that defendant FOOX's motion for an order compelling plaintiff to comply with its discovery obligations under CPLR §§3101, 3120, and 3133, and for sanctions under CPLR §3126 and 22 NYCRR §130-1.1. is granted to the extent that plaintiff shall furnish a response to all outstanding discovery requests.

ORDERED, that GULF HARBOUR's cross-motion for an order dismissing and/or striking defendant FOOX's answer and counterclaims, granting summary judgment and an order of reference in

plaintiff's favor, granting permission to treat defendant FOOX's answer as a limited notice of appearance, amending the caption, appointing a referee to determine the amount due to plaintiff and whether the premises being foreclosed can be sold in parcels, deeming all non-appearing and non-answering party defendants in default and same to be fixed and determined is denied without prejudice and with leave to renew.

This constitutes the Decision and Order of the Court.

Dated: September 30, 2024

ENTER

Hon. Desmond A. Green, J.S.C.

**HON. DESMOND GREEN
JSC**

[* 8]