Romano v Welsbach Elec. Corp. (2026 NY Slip Op 00809)

Romano v Welsbach Elec. Corp.

2026 NY Slip Op 00809

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-09018
 (Index No. 507069/20)

[*1]Tony Romano, respondent, 
vWelsbach Electric Corp., appellant.

London Fischer LLP, New York, NY (Roosevelt B. Ettienne and David Pan of counsel), for appellant.
Hampton Sontag, LLC (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated January 25, 2023. The order denied the defendant's motion for summary judgment dismissing the complaint with leave to renew upon the completion of discovery.
ORDERED that the order is affirmed, with costs.
In June 2018, the plaintiff commenced an action in the Supreme Court, Kings County, under Index No. 512209/18, against the City of New York to recover damages for personal injuries (hereinafter the first action). The plaintiff alleged that in April 2017, he attempted to cross 10th Avenue at its intersection with 63rd Street in Brooklyn in a designated crosswalk, when he tripped and injured his ankle by stepping into a pothole. Thereafter, the City joined issue in the first action. On or about March 20, 2020, the plaintiff commenced this action in the Supreme Court, Kings County, under Index No. 507069/20, against the defendant, Welsbach Electric Corp. (hereinafter Welsbach), a municipal electrical contractor that had entered into a contract with the City to install new traffic equipment, including underground conduits, in the subject intersection. The plaintiff sought to recover damages for personal injuries arising out of the same accident. The plaintiff alleged that Welsbach was negligent in causing, creating, allowing, and/or permitting the pothole to exist. Thereafter, Welsbach joined issue in this action.
In an order dated June 29, 2021, the Supreme Court granted Welsbach's motion to consolidate the first action and this action to the extent that the actions were joined for the purposes of trial and discovery, but each action was to retain its own index number, and each action would have, inter alia, separate notes of issue and separate judgments.
Prior to the completion of discovery, Welsbach moved for summary judgment dismissing the complaint. By order dated January 25, 2023, the Supreme Court denied Welsbach's motion with leave to renew upon the completion of discovery on the ground, among others, that it was premature. Welsbach appeals.
While "[a] party should be afforded a reasonable opportunity to conduct discovery prior to the determination of a motion for summary judgment" (Brea v Salvatore, 130 AD3d 956, 956; see Bernstein v New York City Tr. Auth., 153 AD3d 897, 897-898), a party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or that the facts necessary to oppose the motion are exclusively within the knowledge and control of the movant (see CPLR 3212[f]; Min Gyo Cho v Marcario, 238 AD3d 703, 703; Knowles v 21-43 27th St., LLC, 224 AD3d 737, 738). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Cajas-Romero v Ward, 106 AD3d 850, 852 [internal quotation marks omitted]; see Min Gyo Cho v Marcario, 238 AD3d at 703-704; Tone v Studin, 148 AD3d 1205, 1206; Lopez v WS Distrib., Inc., 34 AD3d 759, 760).
Here, the plaintiff demonstrated that further discovery, including, among other things, deposition testimony of employees for the City, may result in the disclosure of evidence relevant to the issues of whether Welsbach caused or created the pothole or exacerbated its defective nature (see Knowles v 21-43 27th St., LLC, 224 AD3d at 737; Rodriguez v County of Westchester, 120 AD3d 1331, 1331). Accordingly, the Supreme Court properly denied Welsbach's motion for summary judgment dismissing the complaint with leave to renew upon the completion of discovery on the ground that it was premature.
In light of our determination, we need not address Welsbach's remaining contentions.
DILLON, J.P., CHRISTOPHER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court